The opinion of the court was delivered by
Bermudez, O. J.
The plaintiff, having recovered a judgment, taxing the costs of appeal against the defendant company, claims that *36 she is entitled to receive, as part thereof, the amount expended by her for the printing of the brief, required by the rules of this court, and which was used in this case.
The costs which a party may be judicially condemned to pay are made up with the charges which accrue in the course of the proceedings, in favor of the clerk and the sheriff, and even of any successful party to the suit, for disbursements necessarily incurred for the prosecution or defence of the same, and which are allowed by some positive provision of law to be taxed on the docket of the court.
Primarily, the costs are always due to the officers of the court by the plaintiff, who must make all required advances, subject, however, to a right of reimbursement by the defendant, when mulcted in same.
Hence, it is that, in his law dictionary, Abbott defines costs to be a pecuniary allowance made by positive law to a successful party to a suit, in consideration of and to reimburse his probable expenses. Vo Costs.
It is, therefore, an allowance by positive law — that is, by a tariff or some statutory provision or authorized rule of court, specifying the nature and amount thereof.
Article 552 C. P., which refers to costs before courts of original jurisdiction, however, says that the costs to be paid by.the party cast include not only the tax costs, but also the expenses incurred in taking testimony by commission, and the compensation allowed for their services to such experts, auditors or judicial arbitrators, as may have been appointed in the suit, and also the costs of copies of notarial acts of judgment and other copies of the record of public officers necessary in the cause.
Sometimes fees allowed to curators ad hoe arq taxed as costs in the case.
The Code of Practice is silent as to what shall be the costs in the Supreme Court; but, Section 756, R. S., specifies what charges the clerk of that court is authorized to make in cases before it.
Under the heading of “Proceedings before the Supreme Court,” there is to be found Article 908, C. P., under which the defendant here was condemned to pay the costs of appeal, but it does not state that among these shall be included those for brief printing.
It has been held several times that the costs which are taxable in a judicial proceeding do not embrace attorney’s fees; no doubt, because the services of each attorney are to be compensated by the party by whom he has been employed.
*37 It is true that Article 145, O. P., authorizes courts to enact respectively rules establishing the mode of proceeding before them in all cases not provided for by the code, [provided the same be not contrary to the rules there prescribed; but this provision does not confer the power of determining what shall constitute costs in a case, and of having the same taxed to the party cast, over and above those which the law may have specially provided for.
The rules of this court require, under the authority of that article, as a mode 'of proceeding, a printed brief, in the interest of the parties litigant, to assist it in the examination and determination of controversies ; but they do not authorize the taxing of the cost of the printing of the same among the costs of the suit. This has never been done.
There is, indeed, no more reason to have the party cast to pay the costs of putting in print the argument of opposite counsel than there would be to have him to pay for the oral arguments.
In the absence of any positive law, or of any authorized rule or line of precedents supporting the pretension of the plaintiff, this, court can not recognize it without usurping the powers vested in another branch of the government.
It is, therefore, ordered that the rule herein be dismissed with costs.