## SCHNEIDER *v.* CITY COUNCIL OF AUGUSTA.

The City of Augusta granted a building permit to a property-owner. In erecting a building in accordance with this permit the property-owner placed in the sidewalk a grating, and by reason of defects in the grating a pedestrian fell through it and was injured. The pedestrian sued the city and obtained a judgment, the city having previously vouched the property-owner into the suit. On a suit by the city to recover from the property-owner the amount of the judgment paid by it on account of the suit by the pedestrian, *held*, that the city and the property-owner were not joint tort-feasors in the wrong which caused the injuries to the pedestrian, and the city was not prevented from claiming contribution from the property-owner.

Argued July 16, — Decided August 14, 1903.

Complaint. Before Judge Brinson. Richmond superior court. November 22, 1902.

*M. P. Carroll*, for plaintiff in error.     *W. H. Barrett*, contra.

CANDLER, J. Mrs. Kate Sherwood sued the City Council of Augusta for damages, on account of personal injuries alleged to have been sustained by reason of a defective grating in a sidewalk. Judgment for $385 was obtained against the city, and was paid, the defendant having previously vouched into the suit John R. Schneider, the plaintiff in error in the present case, which was an action against Schneider for the amount of the judgment. The basis of the action against Schneider was the fact that he owned the abutting property at the place where the injuries to Mrs. Sherwood occurred, and placed in the sidewalk the grating through which she fell, and which gave rise to her suit against the city. In his plea Schneider admitted that judgment had been obtained against the city as before stated, that he had been vouched into the suit, that the city had paid the judgment, and that Mrs. Sherwood's injuries had been occasioned by his negligence; but denied

liability, on the ground that "the plaintiff was equally at fault with the defendant," and averred that "the plaintiff permitted the defendant to place such grating on the sidewalk as alleged, and saw them being placed there, and had full knowledge of their character in every particular, and failed to perform its duty by requiring defendant to change the same if they were dangerous to pedestrians, but on the contrary allowed them to be constructed and remain in the condition they were in at the time of the injury to [Mrs. Sherwood] as set out in the petition in said case." The trial judge seems to have had before him for determination the single question whether, under the pleadings and the evidence, the city was a joint tort-feasor with the defendant, Schneider, so as to prevent its claiming contribution from him for the judgment paid by it to Mrs. Sherwood. This question alone was argued in the brief of counsel for the city; and while the brief for the plaintiff in error touches upon other points, they are matters upon which he is concluded by his own plea and his admissions in the court below, and for that reason they will not be discussed here. The court below held that the city and the plaintiff were not joint tort-feasors, and directed a verdict for the plaintiff. The defendant made a motion for a new trial, which was overruled, and he excepted.

We have no difficulty in upholding the ruling made by the trial judge. While it was in evidence that Schneider had obtained from the city a permit to erect the building, which seems to have carried with it the right to put in the grating, there was nothing whatever to show any concert of action between the two in the wrong which caused Mrs. Sherwood's injuries, such as is necessary to constitute them joint tort-feasors. "To render one man liable, in trespass, for the acts of others, it must appear either that they acted in concert, or that the act of the party sought to be charged ordinarily and naturally produced the acts of the others." *Brooks v. Ashburn*, 9 *Ga.* 298 (3). "Where two or more persons acting independently, without concert, plans, or other agreement, inflict a damage or cause an injury to another person, one of such persons can not be held liable for the acts of the others." *Boute v. Postell* (Ky.), 51 L. R. A. 189. In the case of City of Detroit *v.* Chaffee (Mich.), 37 N. W. 882, it was held that where it is the duty of a lot owner to repair the sidewalk in front of it, and in case of his default it is the duty of the city to do so, and both neglect their

duty, they are not joint tort-feasors, the duty of each being separate.    To the same effect see Dutton *v.* Lansdowne (Pa.), 53 L. R. A. 469; Old Colony Railroad *v.* Slavens (Mass.), 12 Am. St. Rep. 558; 2 Dill. Mun. Corp. (4th ed.) § 1034; 2 Smith, Mun. Corp. § 1305; Elliot, R. & S. (2d ed.) § 711.

There is nothing in the case of *Western & Atlantic R. Co.* v. *Atlanta, 74 Ga.* 774, which was relied on by counsel for the plaintiff in error, that is in conflict with what is here laid down. It is true that in that case the court gave utterance to the rather loose assertion that "the party against whom the municipal corporation might seek to recover would be entitled to show . . that the accident was caused by the negligent conduct of both parties, in which event no recovery could be had, for the reason that one of two joint wrong-doers can not have contribution from the other;" but it was by no means held that an act not jointly participated in by the parties would constitute them joint wrong-doers. A careful reading of the opinion in the case cited will show that it is substantially in accord with what is here held; and the judgment of the court below was reversed solely on the ground that the charge had a tendency to mislead the jury as to the extent to which the judgment against the city was conclusive against the defendant company, and that the jury should have been informed as to the nature of the defenses which the railroad company was allowed to set up as against that judgment.    In the present case we are clear that the court below committed no error; and the judgment is therefore                     *Affirmed.    By five Justices.*