### 1378.   BYNE *v.* MAYOR & COUNCIL OF AMERICUS.

1. Where a judgment for damages has been recovered against a municipality for negligence in permitting a dangerous obstruction to be erected and maintained in the street, and the owner of the abutting property who erected and maintained the obstruction has been duly and timely vouched into court to defend the suit, in a suit by the municipality over against the vouchee the judgment against the former is conclusive against the latter as to the right of the injured party to recover the amount of the verdict, and as to all defenses that either the municipality or the party vouched could have set up in the first suit, and which were actually set up and passed upon in that suit.
2. While a person injured by an unsafe obstruction placed over the sidewalk by an owner of abutting property may have a right of action

against the city for negligence in allowing the obstruction on the sidewalk, this does not affect the liability of the owner responsible primarily for such obstruction. The owner's liability arises from his negligent conduct in erecting and maintaining the dangerous obstruction on the sidewalk. The city's liability arises from its negligence in not keeping its sidewalk in a safe condition. A party injured by such obstruction has a right of action against either the owner or the city, or both; and if the city is forced to pay for the injury caused by the obstruction, it has, ordinarily, a right of action over against the owner.

3. The owner of property is liable for injuries caused by defective repairs made by the tenant in possession, where the law imposes upon the owner the duty of making such repairs, or where the tenant is authorized by the owner to make the repairs.

4. No error of law appears, and the verdict is supported by the evidence.

Complaint, from city court of Albany—Judge Crosland. August 23, 1908.

Argued November 24, 1908.—Decided April 9, 1909.

*S. J. Jones,* for plaintiff in error.

*Maynard & Hooper, Pope & Bennet,* contra.

HILL, C. J. The plaintiff in error was the owner of a building in the city of Americus to which was attached a wooden shed or awning, extending on and above the sidewalk. On December 22, 1905, a runaway mule, hitched to a wagon, ran against one of the posts of the shed or awning, knocking it out of place; and, on instructions from the chief of police of the city, the agent of the plaintiff in error, who had the property in charge, repaired the shed or awning, and, on inspection by the chief of police, it appeared to be in a safe condition. On the following day, without any cause so far as the evidence discloses, the shed or awning fell upon the sidewalk, injuring several persons, one of whom was the minor son of Henry Martin. Henry Martin, as next friend for his minor son, brought suit against the Mayor and Council of the City of Americus, to recover damages sustained by him from the falling of the shed or awning, alleging that it was in a dangerous condition and likely to fall, which condition was known to the city, and charging that the city was negligent in allowing the shed to remain in a dangerous condition on and over the sidewalk of the city. The city served the plaintiff in error, as the owner of the building in question and the shed or awning attached, with timely notice of the filing of this suit, vouching her into court to defend the same. This she declined to do. The city defended

the suit, and the trial resulted in a verdict against it for $300, which was fully paid and discharged by the city. The city brought suit against the plaintiff in error to recover from her the amount paid out by it on account of the judgment, and, on the trial of this case, a verdict was rendered in favor of the city. The defendant excepts to the judgment overruling her motion for a new trial.

Under the above statement of facts, section 5234 of the Civil Code entitled the city to a judgment against the plaintiff in error as the owner of the property, if she was in fact negligent in the construction of the shed or awning, or was negligent in maintaining it in an unsafe condition. This section makes the judgment rendered against the city in the suit to recover damages, if the owner of the property which caused the damage has been duly vouched into court, conclusive against the owner so vouched, as to the amount and right of the plaintiff to recover in the suit against the city. As stated by Judge Powell in *McArthor* v. *Ogletree,* 4 *Ga. App.* 429 (61 S. E. 859), this section of the code is merely declaratory of the principle announced by the Supreme Court in the case of *Western & Atlantic R. Co.* v. *Atlanta,* 74 *Ga.* 774, which decision itself follows the decision of the Supreme Court of the United States in the case of Chicago *v.* Robins, 2 Black, 418 (17 L. ed. 298). This principle is also fully discussed in the opinion rendered by Judge Powell in the *McArthor* case, supra. See also, in this connection, *Taylor* v. *Allen,* 131 *Ga.* 416 (62 S. E. 291); *Faith* v. *Atlanta,* 78 *Ga.* 780 (4 S. E. 3). The law is therefore well settled in this State on the subject now under consideration.

The plaintiff in error, as defendant in the court below, averred in her answer that she had not been duly and timely served with notice of the pendency of the suit against the city to recover damages, and had had no opportunity of appearing and defending the suit. There was no evidence introduced by her in support of this plea, and the positive testimony in behalf of the city established the fact that she was duly and timely vouched into court to defend the suit. This, therefore, left in the case only one question for the consideration of the jury, to wit, whether the plaintiff in error, as the owner of the property in connection with which the shed or awning was erected and used, failed to exercise ordinary care

and diligence in the construction of the shed or awning, or in keeping and maintaining it in a safe condition for pedestrians who were entitled to the use of the sidewalk. She contended that although the shed or awning may have been defectively constructed and defectively repaired after it had been injured by the running away of the mule attached to the wagon, yet it had been examined and approved by the chief of police of the city after the repairs had been made, and, therefore, her duty with reference thereto was ended. And she further contended that the city was solely responsible for the falling of the shed or awning, in that the city negligently allowed negro boys to assemble under the shed, who had unlawfully pushed it down.

The verdict against the city in the suit for damages settled the question that the shed or awning was defectively constructed or repaired, and that the city was guilty of negligence in permitting it to remain over the sidewalk in such unsafe condition. It also settled the question that the injury to the plaintiff did not result from the unlawful conduct of the negro boys gathered on the sidewalk, in pushing the awning down; for if the jury had believed that the unlawful conduct of the negro boys in question had caused the injury to the plaintiff, the city would not have been liable. On this point the trial court held that if the fall of the shed onto the sidewalk was caused by the negligent conduct of the negro boys, the landlord would not be responsible for it, and was not concluded as to this question by the verdict against the city; and the court admitted evidence as to this fact.

We do not think the owner of this shed or awning can escape liability for defective construction or defective repairs because a policeman of the city examined it after the repairs and it appeared to be in a safe condition. The duty was still upon the owner of the property to exercise ordinary care in inspecting the shed or awning, to find out if in fact it was in a safe condition. If the owner placed an obstruction over the sidewalk of the city, which was defectively constructed, or if she maintained it in an unsafe condition, she would be liable for any damages caused by such defective construction or condition; and the fact that the city may have been also negligent in allowing such unsafe obstruction to be erected over the sidewalk, or to remain there in an unsafe condition, would in no wise relieve the owner from liability for her own

negligence. The plaintiff in error admitted that she erected the shed, and that when it was injured by the runaway mule and wagon, she paid for its repair; and the issuable facts as to her were whether she had exercised ordinary care in its original construction and in its repair after the injury. *Schneider* v. *Augusta,* 118 *Ga.* 610 (45 S. E. 459). She insists that she was not responsible for any defective repair of the shed, because her tenant had possession of the property and made the repairs. It may be true that a landlord will not be liable for injuries resulting from a nuisance maintained by his tenant on the leased premises, and with the creation of which the landlord had no connection. *Gardner* v. *Rhodes,* 114 *Ga.* 932 (41 S. E. 63, 57 L. R. A. 749). But in this case the landlord constructed the shed and authorized the tenant to repair it after it had been injured, and, under these circumstances, would be liable for her own negligence and that of her agent in doing the work of repair for her. *White* v. *Montgomery,* 58 *Ga.* 204; Civil Code, § 3118.

The charge, when considered in its entirety, is without material error, but clearly and fully submits the law applicable to the issues, and the verdict is supported by the evidence.

*Judgment affirmed.*