# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## MARCH TERM, 1916.

---

### 6655. CITY OF ALBANY v. BROWN.

BROYLES, J. 1. The allegations of the petition as amended clearly show the proximate cause of the damage to the plaintiff's automobile to have been the negligence of the motorman of the street-railway company in continuing to run his car at a rapid rate of speed after he saw the perilous position of the automobile upon the street-car tracks, when it was about ninety feet distant from the street-car, and in making no effort to put on his brakes or otherwise to stop the street-car, and in running upon and striking the automobile. The alleged negligence of the City of Albany in leaving in the street, near the tracks where the injury occurred, a large pile of dirt, the striking of which by the automobile caused the automobile to be thrown upon the street-car tracks in such a position that the chauffeur operating it could not move it forward or backward, under all the particular facts as alleged in the petition, was not such an act of concurring negligence as to make the city liable. The petition, failing to show any joint acts of negligence by the two defendants sued, or that there was any concert of action on their part in the alleged damage to the automobile, did not establish that they were joint tort-feasors, and the court erred in overruling the city's general demurrer to the petition. *Schneider* v. *Augusta*, 118 *Ga.* 610 (45 S. E. 459); Bonte *v.* Postell, 109 Ky. 64 (58 S. W. 536, 51 L. R. A. 187); *Mayor &c. of Macon* v. *Dykes*, 103 *Ga.* 847 (31 S. E. 443). The facts in this case distinguish it from the case of *Barrett* v. *Savannah,* 9 *Ga. App.* 642 (72 S. E. 49), and from the other cases cited and relied on by counsel for the defendant in error.

2. The error of the court in overruling the demurrer rendered all further proceedings nugatory, and a discussion of other rulings complained of is unnecessary.

*Judgment reversed. Russell, C. J., absent.*

DECIDED MARCH 16, 1916.

Action for damages; from city court of Albany—Judge Clayton Jones.   May 15, 1915.

The action was against the City of Albany and the Albany Transit Company.   The petition as amended alleged, in substance, that on January 14, 1914, about the hour of 6:15 p. m., petitioner's automobile was being driven by his chauffeur south along the west side of a public street of the City of Albany, known as Monroe street, at a point near an alley which runs east and west between North and Flint streets.   At that point the city had dug large holes in the street for the purpose of putting in manholes or sur-face-drainage connections, and in so doing had left dirt piled from two to two and a half feet high on both sides of the street, and had left the holes open.   The street-railway of the Albany Transit Company occupied the street in part, west of the center of the street, and on each side of the railway was a passageway along the street for the use of vehicles.   This passageway was about twenty feet wide on the east side of the street and twelve feet on the west side.   The city had allowed the said manholes to remain open, and had allowed the dirt which had been excavated in the street to be left in the street, piled as aforesaid near the margin of the street and extending across it almost the entire width of the street, to the west side of the railway-track, so that the passageway for vehicles at that point was rendered so narrow that it was impossible to go south in the street without going upon the railway-track.   No warning of the existence of these dangerous obstructions was given by placing guard-rails or lights, or signals of any character, at or near them, and neither the petitioner nor his chauffeur knew of their existence, the chauffeur being unable to see them on account of the bright headlight on a street-car of the Albany Transit Company, which temporarily blinded him.   When he became blinded he immediately put on his brakes, and then for the first time saw the obstructions.   The brakes of the automobile were in good working order, and it immediately stopped upon the pile of dirt in front of the excavation, but the pile of dirt threw it to the left and on the railway-track, throwing the back of the automobile toward the curbing.   Its front right wheel became stuck in the dirt, its front part extended over the railway-track, and the back wheel was against the curb, and it was impossible for the chauffeur to go forward or backward.   The street-car was then about ninety

feet from it, and continued at a speed of about twenty-five miles an hour, going north and in the opposite direction from that in which the automobile had been moving; the motorman on the street-car made no effort to put on brakes or otherwise stop the street-car, and the car ran upon and struck the automobile, and damaged it in a manner described. The motorman saw the automobile on the railway-track in ample time to have stopped the street-car before striking the automobile. Petitioner and his chauffeur were without fault, and the injury was due solely to the negligence of the defendants. The city was negligent in failing to keep the said street in safe condition for travel, in failing to take such precautionary measures as ordinary care and diligence would require for the protection of petitioner and of other persons having the right to use the street, in allowing the said obstructions to be placed in the street, in negligently repairing the street in the manner described, in failing to give the petitioner or his chauffeur any warning of the existence of the obstructions by placing at or near them guard-rails or lights or signals, and in failing to provide a sufficient passageway for vehicles along the street and the part of it not occupied by the railway-track. The Albany Transit Company was negligent in failing to keep a lookout ahead for petitioner, in failing to stop its street-car in time to prevent injury to his property, in failing to have the car under proper control so that it could be stopped in time to prevent such injury, in propelling the car at excessive speed, in failing to have it equipped with proper brakes, and in failing to exercise ordinary care and diligence for the safety of petitioner and his chauffeur. On the third day after the injury the petitioner presented to the city his claim for adjustment of the damages as required by law, more than thirty days have elapsed since the presentation of the claim, and the city has failed and refused to pay any sum for the injury.

The city demurred generally and specially, and in its demurrer contended that the petition showed a misjoinder of causes of action and of parties, and failed to disclose any joint acts of negligence on the part of the defendants, or that there was any concert of action on their part in the alleged injury to the automobile. The demurrer was overruled. The trial resulted in a verdict for damages against the defendants. The case came to this court on exceptions by the city to the overruling of its demurrer and of its motion for a new trial.

*James Tift Mann,* for plaintiff in error, cited: *Brooks* v. *Ashburn,* 9 *Ga. App.* 297; *Schneider* v. *Augusta,* 118 *Ga.* 610; *Bonte* v. *Postell,* (Ky.) 51 L. R. A. 187; *Brown* v. *Atlanta,* 66 *Ga.* 71; *Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847; *Atlantic Coast Line R. Co.* v. *Daniels,* 8 *Ga. App.* 775; *Williams* v. *Washington,* 142 *Ga.* 281 (82 S. E. 656, L. R. A. (N. S.) 1915A); *Gaines* v. New York, 156 App. Div. 789.

*Pottle & Hofmayer,* contra, cited: *Barrett* v. *Savannah,* 9 *Ga. App.* 642; *Holliday* v. *Athens,* 10 *Ga. App.* 709; *Mayor &c. of Americus* v. *Gartner,* Id. 754; *Eining* v. *Ga. Ry. & Elec. Co.,* 133 *Ga.* 458; Kansas City v. File, (Kans.) 55 Pac. 877; Cline v. Crescent City R. Co., 42 La. 35 (6 Sou. 851).