15450. SCEARCE *v.* MAYOR AND COUNCIL OF GAINESVILLE *et al.*

JENKINS, P. J. 1. The general rule of law is that a municipal corporation is bound to keep its streets and sidewalks in a safe condition for travel in the ordinary modes, by night as well as by day, and if it fail to do so, it is liable for damages for injuries sustained in consequence of such failure. A municipal corporation is liable for injuries caused by its neglect or omission to keep its streets and sidewalks in repair, and may be liable for those caused by defects occasioned by the wrongful acts of others. In the latter class of cases the foundation of the action is negligence. *Mayor &c. of Atlanta* v. *Perdue,* 53 *Ga.* 607, 608; *Mayor &c. of Milledgeville* v. *Cooley,* 55 *Ga.* 18 (1); *Chapman* v. *Mayor &c. of Macon,* 55 *Ga.* 566 (1), 568; *City of Augusta* v. *Tharpe,* 113 *Ga.* 152 (3) (38 S. E. 389).

2. "An owner of property abutting upon a street or highway is not, by virtue of being such owner, liable for defects in the street or highway. But this rule has no application where the owner of abutting property creates a defect in a street or highway or a nuisance therein. In the latter event he is liable, not because he owns the abutting property, but because he creates or maintains the thing from which injury results." *Ga. Ry. & Electric Co.* v. *Tompkins,* 138 *Ga.* 596, 599 (2) (75 S. E. 664).

3. It is a well-established general rule that, "where two or more persons or corporations, acting independently, without concert, plan, or other agreement, inflict a damage or cause an injury to another person, the persons inflicting the damage are not jointly liable therefor, but each is liable for his proportion only of the damages; and in such case a joint action against them can not be maintained." *Armstrong* v. *Southern Ry. Co.,* 29 *Ga. App.* 418 (116 S. E. 31); *Schneider* v. *City Council of Augusta,* 118 *Ga.* 610, 611 (45 S. E. 459); *Ga. So. & Fla. Ry. Co.* v. *Corry,* 149 *Ga.* 295, 301 (99 S. E. 881); *City of Albany* v. *Brown,* 17 *Ga. App.* 707 (88 S. E. 215); *United Cigars Co.* v. *Ga. Ry. & Power Co.,* 27 *Ga. App.* 198 (107 S. E. 781); *Brooks* v. *Ashburn,* 9 *Ga.* 297 (3); *Key* v. *Armour Fert. Works,* 18 *Ga. App.* 472 (89 S. E. 593). But it is also true that, even though voluntary, intentional concert is lacking, if the separate and independent acts of negligence of several combine naturally and directly to produce a single injury, they may be sued jointly, despite the fact that the injury might not have been sustained had only one of the acts of negligence occurred. 38 Cyc. 488-490; 22 L. R. A. 261; *Aaron* v. *Coca-Cola Bottling Co.,* 143 *Ga.* 153, 155, 156 (84 S. E. 556);

*Ga. Ry. & Power Co.* v. *Ryan*, 24 *Ga. App.* 288, 289 (100 S. E. 713). Thus, where two concurrent causes naturally operate in causing an injury, there can be a recovery against both or either one of the responsible parties (*Bonner* v. *Standard Oil Co.*, 22 *Ga. App.* 532, 535, 96 S. E. 573; *Kelly* v. *Ga. Ry. & Power Co.*, 24 *Ga. App.* 439 (4), 444, 101 S. E. 401; *Central of Ga. Ry. Co.* v. *Macon Ry. Co.*, 9 *Ga. App.* 628 (4), 71 S. E. 1076; *Akin* v. *Brantley*, 26 *Ga. App.* 326, 106 S. E. 214; *Central of Ga. Ry. Co.* v. *Garrison*, 12 *Ga. App.* 369, 77 S. E. 193; *Barrett* v. *Mayor &c. of Savannah*, 9 *Ga. App.* 644, 72 S. E. 49); and this is true although the duty owed to the complainant by both parties defendant may or may not have been the same. *Gooch* v. *Ga. Marble Co.*, 151 *Ga.* 462 (107 S. E. 47); *Cen. of Ga. Ry. Co.* v. *Wheat*, 32 *Ga. App.* 151 (122 S. E. 794); *Fulton Ice & Coal Co.* v. *Pece*, 29 *Ga. App.* 507 (5) (116 S. E. 57); *Byne* v. *Mayor &c. of Americus*, 6 *Ga. App.* 48 (3) (64 S. E. 285). In the instant petition, brought jointly against a municipality and the owner of a building and basement adjoining and beneath a sidewalk, on account of a broken air-vent maintained by the owner in the sidewalk, the allegations sufficiently charged concurrent acts of negligence on the part of the defendants, naturally contributing to the injury, such as would support a joint action against both; especially is this true since the petition as amended specifically charges not only legally concurring acts of negligence, but actual and definite concert of action with reference thereto.

(a) The case of *Schneider* v. *City of Augusta*, 118 *Ga.* 610, 611 (45 S. E. 459), concerned the right of the city to exact contribution from the property owner after vouching him into court under the statute. Civil Code (1910), § 5821. As stated in the opinion in that case, the sole question was "whether, under the pleadings and the evidence, the city was a joint tort-feasor with the defendant (property owner), so as to prevent its claiming contribution from him in the judgment paid by it to" the person injured. The only ruling in that case was to the effect that the status of joint tort-feasors was not such as would prevent the city from having the right of contribution over against the property owner. That the status of mere joint tort-feasor does not necessarily bar the right of contribution, see *Central of Ga. Ry. Co.* v. *Macon Ry. & Lt. Co.*, 140 *Ga.* 309, 313-317 (78 S. E. 931); *Central of Ga. Ry. Co.* v. *Swift & Co.*, 23 *Ga. App.* 346 (98 S. E. 256). However, it is unnecessary to determine in this decision whether, under the particular facts alleged by the petition, the defendant municipality, if it should be held liable to the plaintiff, would be entitled, under section 5821 of the Civil Code (1910), to a remedy over against the defendant property owner as primarily responsible for the alleged injury. See, in this connection, *W. & A. Railroad* v. *Atlanta*, 74 *Ga.* 774 (2-6); *Faith* v. *Atlanta*, 78 *Ga.* 779 (4 S. E. 3); *Raleigh R. Co.* v. *W. & A. R. Co.*, 6 *Ga. App.* 616, 617 (65 S. E. 586); *Cen. of Ga. Ry. Co.* v. *Macon Ry. & Lt. Co.*, 9 *Ga. App.* 628 (2, 3, 4), 631-635 (71 S. E. 1076); *Byne* v. *Mayor &c. of Americus*, 6 *Ga. App.* 48, 50 (64 S. E. 285); Union Stock Yards Co. v. Chicago &c. R. Co., 196 U. S. 217 (25 Sup. Ct. 226, 49 Law ed. 453, 2 Ann. Cas. 525); Washington Gaslight Co. v. District of Columbia, 161 U. S. 316 (16 Sup. Ct. 564, 40 L. ed. 712).

4. "It is not a prerequisite to suit against a municipal corporation in this

State, for injury to person or property, that the written notice required under the Civil Code (1910), § 910, should specify any amount of money claimed as damages." *Maryon* v. *City of Atlanta*, 149 *Ga.* 35 (99 S. E. 116). The statute, being "in derogation of common right" and subject to strict construction as against the municipality, "does not require absolute exactness of description, but simply that information as to the matters referred to may be given with sufficient definiteness to enable the city authorities to examine into the alleged injuries and determine whether the claim shall be adjusted without suit." *Langley* v. *Augusta*, 118 *Ga.* 590 (11), 600 (45 S. E. 486, 98 Am. St. Rep. 133). "The amount, if stated, would not be binding upon the person injured in a subsequent suit for the injury; for it has often been held by many courts of last resort that the plaintiff in such action could sue for a greater or less amount than that stated in the prior notice, and could recover for a larger or lesser amount." *Maryon* v. *City of Atlanta*, supra; 19 R. C. L. 333. The statute having been substantially complied with, and there being no material variance between the notice to the defendant municipality and the allegations of the petition as amended, those grounds of the demurrers which complain of alleged variances in the amounts and items of damage claimed and in the description of the injuries sustained are without merit.

5. The court erred in dismissing the petition, on the demurrers.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 11, 1925.

Action for damages; from city court of Hall county—Judge Sloan. February 21, 1924.

Application for certiorari was denied by the Supreme Court.

The action was against a municipality and an individual jointly for damages on account of personal injuries. The petition alleged: that the plaintiff, while walking in the darkness along a sidewalk by the side of a building, owned by the individual defendant, fell "into a hole caused by broken tiles in the said sidewalk and broken air-vent into the basement of the building," the broken tiles turning with him as he stepped thereon, so that he "partially fell into the said hole;" that this hole opening under the building was "about 24 inches wide and several feet deep, only partially covered, . . dangerous in character, unlighted, and without a barrier to protect foot-passengers, and that the said covering was not fastened." It is further alleged that the municipality, under its charter, was "authorized to lay out streets and sidewalks . . and to keep the same in a reasonably safe condition for travel by the public," and that the sidewalk in question had been thus previously laid out and opened to the public. The averments of negligence were: that "the said municipal corporation and the said

[individual property owner] were negligent in having such dangerous hole on and in the sidewalk and in the side of the building where individuals constantly passed;" that both defendants "were negligent in not having the said hole in a safe condition, because the said hole was not properly constructed and was of unsafe design, . . in not having notified the public of the condition of the said sidewalk and of the said hole, and in not guarding the same, and in not having inspected the same, and providing the same with lights or warning to foot-passengers on said sidewalk," and "in leaving the said dangerous hole in the said sidewalk, in the following particulars, to wit, the tile blocks of said sidewalk should have been securely fastened and in a state of repair, and the said hole should have been covered by the said defendant [city], that the said [individual] defendant should have guarded and protected the said hole leading into the basement of the said . . building by a barrier or guard of some nature, and that both the said defendants were negligent." An amendment set forth actual notice by the municipality of the defective condition,—that "several weeks before plaintiff was injured," a named person, "one of the said council of said city and chairman of the committee on streets and sidewalks, notified . . the [defendant] owner of the property along which said sidewalk extended, and required him to remedy said dangerous and defective condition, some weeks before plaintiff was injured as set forth, . . whereupon said [individual defendant] told said [councilman] to have the city repair the sidewalk and remedy the defective and dangerous condition aforesaid, and that he, said [individual defendant] would pay the cost of the work, which said [councilman] agreed to for the city, but neither said city . . or said [individual defendant] did remedy the said defect, and plaintiff was injured in consequence." The defendants demurred to the petition generally and specially, upon various grounds, including that of misjoinder. The trial judge sustained the demurrers and dismissed the petition, and the plaintiff excepted.

*E. B. Dunlap, H. H. Perry,* for plaintiff.

*Dean & Wright, Hammond Johnson,* for defendants.