### 30307. CITY OF DALTON *v.* JOYCE *et al.*

558

DECIDED FEBRUARY 2, 1944.

*W. G. Mann,* for plaintiff in error.

*Stafford Brooke, R. Carter Pittman, Graham Wright,* contra.

SUTTON, P. J.   Walter L. Joyce Jr., in his own right and individually, and as father and next friend of Charles Joyce and Barbara Ann Joyce, sued the City of Dalton and Mrs. Myra M. Anderson for damages on account of the death of Annie Louis Joyce. The petition, as amended, was brought in two counts.   Count one, as amended, alleged in substance, that Walter L. Joyce Jr., was the husband of Annie Louis Joyce, and that Charles Joyce, who was 17 years of age, and Barbara Ann Joyce, who was 3 years of age, were the only issue of the marriage of Walter L. Joyce Jr., and Annie Louis Joyce; that on March 12, 1943, and for nearly three years prior thereto, Mrs. Myra M. Anderson, with the permission of the City of Dalton, maintained a wood and metal shed or awning over South Hamilton Street in the City of Dalton; that this shed or awning was attached to a building owned by Mrs. Myra M.

Anderson abutting on said street; that the shed or awning extended approximately ten feet over the street and sidewalk, and was improperly constructed, in that the chains which supported it were too small or light to support the weight of the shed or awning; that the chains were fastened with lap links which would spread under the weight of the shed and were attached to the building at an improper angle; that the wood of the building to which the chains were attached had become rotten and the nails therein had become loose and in a weakened condition; that the shed or awning was maintained over the street and sidewalk in an unsafe, defective, and dangerous condition, and that the defendants knew, or in the exercise of ordinary care should have known, of the dangerous, defective, and unsafe condition of said shed or awning; that an ordinance of the City of Dalton, a copy of which was attached to the petition as an exhibit, provided for the appointment of a building inspector to inspect buildings, awnings, and sheds within the city, and to condemn them, if they became a menace; that the defendants were negligent in not inspecting said shed or awning, or if they inspected it, they were negligent in not finding the dangerous, defective, and unsafe condition of the same; that the City of Dalton was negligent in that it failed to exercise ordinary care to keep South Hamilton Street, and the sidewalk thereon at said location in a reasonably safe condition for travel in the ordinary modes; that on March 12, 1943, Annie Louis Joyce, without any knowledge of the condition of said shed or awning, was traveling along the sidewalk on said street, and when she reached a point immediately under said shed or awning, it suddenly fell upon her, and inflicted injuries to her from which she died; that the concurring acts of negligence of the defendants in allowing said shed or awning to remain over South Hamilton Street in a dangerous, defective, and unsafe condition was the direct and proximate cause of the death of Annie Louis Joyce; that at the time of her death, she was 37 years of age with a life expectancy of 33 years; that the full value of her life was $35000, and the necessary expenses of her funeral were $490; that notice of plaintiffs' claim against the City of Dalton was duly filed with said city, a copy of the notice being attached to the petition as an exhibit; judgment was sought against the defendants in the amount of $35000.

Count two of the petition, as amended, in addition to the above

allegations as to the relationship of the parties, and the value of the decedent's life, alleged, in substance, that the defendants failed to exercise ordinary care in inspecting said shed or awning to ascertain if it was in a safe condition as required by an ordinance of the City of Dalton, a copy of which was attached as an exhibit to the petition; that although the building inspector of the City of Dalton had inspected said shed or awning, he failed to go upon same and inspect the chains supporting it as required by said city ordinance; that both defendants had inspected said shed or awning, that they failed to make a proper inspection, and failed to exercise ordinary care in the selection of their agents to inspect said shed or awning; that said shed or awning, on account of its unsafe, defective, and dangerous condition, was a nuisance which was maintained by Mrs. Myra M. Anderson, with the knowledge of the City of Dalton, over said street and sidewalk.

The City of Dalton demurred to the petition upon several grounds, but only the following grounds were insisted upon and argued in the brief of counsel for the plaintiff in error: (1) That the petition, as amended, set out no cause of action against the City of Dalton; (2) that there was a misjoinder of parties defendant in the same count; (3) that the petition, and count two of same, were multifarious; (4) and that there was a misjoinder of causes of action in that the same was in tort against an individual, Mrs. Myra M. Anderson, and a municipality, the City of Dalton.

The judge overruled the demurrer, and the City of Dalton excepted to that judgment.

■ The petition as amended set out a cause of action as against the City of Dalton. The action was brought by the husband and children of the decedent to recover the full value of the life of Annie Louis Joyce, whose death, it was alleged, was the result of the negligence of the defendants. Code, § 105-1306. The petition alleged that notice of the plaintiffs' claim had been duly filed with the municipality as required by the Code, § 69-308, and a copy of the notice was attached to the petition as an exhibit. The fact that the claim filed with the municipality stated that the plaintiffs claimed "$35000 from said municipaliy," and the action was filed jointly against the municipality and an individual, is immaterial. The notice stated the time, place, manner, circumstances, and details of the accident causing the injuries for which the claim was made and

the acts of negligence charged against the municipality as well as the amount claimed as damages. This was a sufficient compliance with the statute. It is not required that the claim filed with the municipality be drawn with all the technical niceties of a pleading, but the statute requires that the claim state the "time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same." *Langley* v. *Augusta,* 118 *Ga.* 590, 600 (45 S. E. 486). The plaintiffs had the right to bring the action against either the City of Dalton or Mrs. Myra M. Anderson, or both, and the fact that they elected to bring it against both defendants did not prejudice any right of the City of Dalton. Since the time, place, manner, and details of the accident and the acts of negligence charged against the City of Dalton in the claim are substantially the same as that charged against the city in the petition, there was no material variance between the claim and the petition, and the court did not err in so holding as against a general demurrer. It is a well-established rule of law that a municipality is bound to keep its sidewalks and streets in a reasonably safe condition for travel in the ordinary modes and that if it fails to do so, it is liable in damages for injuries sustained in consequence thereof. The municipality will be liable, no matter by what cause the sidewalk becomes unsafe, where it knew, or should have known in the exercise of ordinary diligence, of the danger in time to correct or give warning of it. And what would be "in time" is ordinarily a question for a jury to determine. If a municipality has notice of a dangerous defect or condition in a sidewalk, it is its duty to exercise ordinary care in remedying the same or in placing a safeguard around it. If such danger or defect has existed for such length of time, that by reasonable diligence in the performance of their duties, the danger or defect ought to have been known by the proper authorities, notice will be presumed and proof of actual knowledge will not be necessary to render the municipality liable for injuries occasioned thereby. And as stated above, it is a jury question as to what length of time a defect or dangerous condition must exist in a sidewalk or street to charge a municipality with knowledge of negligence. *City of Camilla* v. *May,* 70 *Ga. App.* 136 (27 S. E. 2d, 777), and cit. Also see *Scearce* v. *Mayor and Council of Gainesville,* 33 *Ga. App.* 411 (126 S. E. 883); *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318); *Anglin* v.

562

*City of Columbus*, 128 *Ga.* 469 (57 S. E. 780) ; *City of Rome* v. *Davis*, 9 *Ga. App.* 62 (70 S. E. 594) ; *City of Rome* v. *Autry*, 36 *Ga. App.* 552 (137 S. E. 414) ; *Byne* v. *Americus*, 6 *Ga. App.* 48 (64 S. E. 285) ; *Jolly* v. *City of Atlanta*, 37 *Ga. App.* 666 (141 S. E. 223). The petition as amended set out a cause of action against the City of Dalton, and the court did not err in overruling the general demurrer.

■ The petition was not subject to the special demurrer that there was a misjoinder of parties defendant. The petition alleged that the concurring acts of negligence of the City of Dalton and Mrs. Myra M. Anderson combined naturally and proximately to produce the injury complained of. It is well-settled law, that if the separate acts of negligence of two or more persons or corporations combine naturally and directly to produce a single injury to another person, the person so injured may proceed against them jointly. *Scearce* v. *Mayor and Council of Gainesville*, supra, and cit.

■ The City of Dalton demurred to the petition as amended on the ground that the same was multifarious. The court did not err in overruling this ground of the demurrer. The only cause of action set out is for the alleged unlawful death of Annie Louis Joyce; and the only parties to the action are the husband and minor children of the deceased, as plaintiffs, and the City of Dalton and Mrs. Myra M. Anderson, the defendants whose alleged concurring acts of negligence combined to naturally and directly cause the injury complained of. In this connection, see *Nail* v. *Mobley*, 9 *Ga.* 278; *Conley* v. *Buck*, 100 *Ga.* 187 (28 S. E. 97), and cit.; *Millbank* v. *Penniman*, 73 *Ga.* 136.

■ The court did not err in overruling the ground of special demurrer of the City of Dalton, that there was a misjoinder of causes of action in that the same was an action in tort against an individual and a municipality. An individual and a municipality may properly be joined as defendants in an action in tort. *Scearce* v. *Mayor and Council of Gainesville*, supra; *Byne* v. *Americus*, supra; *Jolly* v. *Atlanta*, supra; *Autry* v. *Southern Ry. Co.*, 32 *Ga. App.* 8 (123 S. E. 752), and cit. The case of *Schneider* v. *Augusta*, 118 *Ga.* 610 (45 S. E. 459), cited and relied on by counsel for the plaintiff in error does not hold to the contrary. In this connection, see *Southern Railway Co.* v. *City of Rome*, 179 *Ga.* 449, 453 (176 S.

E. 7), where the ruling in the *Schneider* case is discussed and explained.

■ The grounds of special demurrer which were not insisted upon by the plaintiff in error in his brief, or referred to therein, will be considered as abandoned. *Personal Finance Co.* v. *Evans,* 45 *Ga. App.* 53 (7) (163 S. E. 250); *Union Central Life Insurance Co.* v. *Trundle,* 61 *Ga. App.* 110 (5 S. E. 2d, 675).

■ The petition set out a cause of action against the City of Dalton, and the court did not err in overruling the demurrer.

*Judgment affirmed. Felton and Parker, JJ., concur.*