31573.   SHEPHERD *et al.* v. AMOS *et al.*

222

Decided May 9, 1947.   Rehearing denied May 29, 1947.

*B. Hugh Burgess, Powell, Goldstein, Frazer & Murphy, Newell Edenfield,* for plaintiffs in error.

*George & John L. Westmoreland, Roberts & Roberts,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ The defendants, Dan Plunket Shepherd and W. C. Shepherd, contend that the petition fails to set out a cause of action against them and that the court erred in overruling their general demurrers because it appears from the allegations of the petition that the proximate cause of the plaintiff's injuries was not the alleged acts of negligence of these defendants but was the alleged acts of negligence of another person and that the same result would have followed in any event and irrespective of the alleged negligence charged against them. Counsel for these defendants state in their brief that they do not challenge the inherent sufficiency of the allegations of negligence charged against these defendants nor deny that such allegations standing alone might have set forth a cause of action, but they contend that under the allegations of the petition the proximate cause of the plaintiff's injuries was the incline in the highway which tilted the headlights of the approaching automobile and the negligence of the defendant, Helen Jackson Verner, in stopping her automobile in the darkness behind the hill so that it was impossible for the defendants to avoid the collision. The court did not err in overruling the general demurrers of these two defendants. It was held in *Callahan* v. *Cofield,* 61 *Ga. App.* 780, 783 (7 S. E. 2d, 592) : "It was for the jury to determine whether the defendants were guilty of negligence in any of the particulars charged, and, if so, whether the concurrent negligence of all the defendants, or the separate acts of either, constituted the proximate cause or causes of the injury. Each case must depend for solution on its own particular facts. It is a well-settled principle of law that where two concurrent causes operate directly in bringing about an injury there can be a recovery against either or both of the responsible persons. The fact alone that the injury and damage to the plaintiff would not have been sustained had only one of the persons been guilty of the negligent acts charged, will not of itself operate to define and limit the negligent

acts of the other person as constituting the proximate cause. If the negligent acts of both persons contribute directly and concurrently in bringing about the injury, such acts together will constitute the proximate cause or causes. What constitutes the proximate cause of an injury may be directly involved as one of the essential elements and disputed issues in the ascertainment of what negligence, as well as whose negligence, the injury is properly attributable to, and except in plain and indisputable cases this is for determination by a jury under proper instructions by the court." Under the allegations of the petition in the present case, a jury could find that the alleged negligence of Dan Plunket Shepherd and W. C. Shepherd concurred and joined with the negligence of Helen Jackson Verner, who had negligently stopped or parked her car in the highway at the intersection under the circumstances alleged, thereby proximately contributing to the accident wherein the plaintiff was injured and damaged as set out in the petition. Whether the defendants, Dan Plunket Shepherd and W. C. Shepherd, were guilty of negligence in any of the particulars charged, and, if so, whether the concurrent acts of negligence of the defendant, Helen Jackson Verner, and of the defendants, Dan Plunket Shepherd and W. C. Shepherd, or the separate acts of any one or more of them, constituted the proximate cause of the plaintiff's injury was an issue of fact for a jury. *Georgia Railway & Power Co.* v. *Ryan,* 24 *Ga. App.* 288 (100 S. E. 713). Also, see *Bonner* v. *Standard Oil Company,* 22 *Ga. App.* 532, 536 (96 S. E. 573), and citations; *McGinnis* v. *Shaw,* 46 *Ga. App.* 248 (167 S. E. 533).

The cases cited and relied on by the plaintiffs in error are distinguishable on their facts from the present case and do not authorize or require a different ruling in this case from the one here made. Under the allegations of the petition, we can not say as a matter of law that the plaintiff would have sustained the injuries sued for irrespective of the negligence charged against the defendants, Dan Plunket Shepherd and W. C. Shepherd, as is contended by counsel for these two defendants, and that their negligence did not proximately contribute to the accident, but this is an issue for the jury, and the trial judge properly overruled the general demurrers of these defendants to the plaintiff's petition.

■ The plaintiffs in error contend in their demurrers that there

was a misjoinder of parties and of causes of action in that the plaintiff was seeking to recover damages in a single count for injuries received by her in two separate collisions allegedly caused as the proximate result of separate and distinct acts of negligence of two parties. There is no merit in these grounds of demurrer. While the petition originally alleged that the plaintiff was slightly injured when the car in which she was riding struck the automobile stopped or parked by the defendant, Helen Jackson Verner, on and across the highway, these allegations were stricken from the petition on demurrers filed by the defendants, Dan Plunket Shepherd and W. C. Shepherd. A proper construction of the plaintiff's petition after the special demurrers of these defendants were sustained is that the plaintiff seeks to recover damages only for the injuries received in the second collision, and that no recovery is sought for any injuries which may have been sustained in the first collision. It was alleged in the petition that the injury and damage sustained by the plaintiff in the second collision and for which a recovery was sought was sustained by the plaintiff as the proximate result of the concurring acts of negligence of all the defendants. "The petition, alleging that the plaintiffs had been injured by the concurring acts of negligence of two defendants, whose negligence it was alleged combined naturally and directly to produce the single injury complained of, was not subject to special demurrers on the grounds that there was a misjoinder of parties defendant, and that the petition was multifarious." *City of Dalton* v. *Joyce,* 70 *Ga. App.* 557 (2, 3) (29 S. E. 2d, 112). Also, see *Scearce* v. *Gainesville,* 33 *Ga. App.* 411 (126 S. E. 883), and citations; *Longino* v. *Moore,* 53 *Ga. App.* 674 (187 S. E. 203); *Sprayberry* v. *Snow,* 190 *Ga.* 723 (10 S. E. 2d, 179). While the acts of negligence charged against each defendant are set out separately, it is alleged that such acts of negligence jointly and concurrently caused the collision and damage sued for, and the petition sufficiently charges the defendants as joint tort-feasors. *Kelly* v. *Georgia Railway & Power Company,* 24 *Ga. App.* 439 (4) (101 S. E. 401). The judge did not err in overruling the special demurrers attacking the petition on the grounds that there was a misjoinder of parties and of causes of action.

■ The petition set out a cause of action against the defendants, Dan Plunket Shepherd and W. C. Shepherd, and was not

subject to the demurrers here insisted upon, and the court did not err in overruling the demurrers thereto.

*Judgment affirmed. Parker, J., concurs. Felton, J., concurs specially.*

### ON MOTION FOR REHEARING.

SUTTON, C. J.   In their motion for a rehearing, counsel for the plaintiffs in error contend that the judgment of the trial court sustaining their special demurrers to certain parts of the petition did not strike those parts of the petition, but that the defendant in error had a reasonable time after said judgment was entered to amend her petition to conform to the ruling made and thus avoid having those portions of her petition stricken; that a reasonable time had not elapsed at the time the bill of exceptions was certified by the trial judge and the defendant in error could still amend her petition to meet the special demurrers and the petition should be construed as if such allegations were still in the petition and the special demurrers had not been sustained; that if these allegations are considered as still in the petition, it will appear that the defendant in error is seeking to recover damages for injuries received both when the car in which she was riding struck the defendant Verner's car and when the car in which she was riding was struck by the car of W. C. Shepherd, which was being operated by the defendant Dan Plunket Shepherd.   The contention of the plaintiffs in error that the defendant in error was seeking to recover damages for injuries received in both collisions and that she could still amend her petition to do so at the time the bill of exceptions was certified by the trial judge, can not legally be sustained.   In their brief filed in this court, counsel for the defendant in error state, "Any slight injuries which the defendant in error may have received as a result of the first collision are not and have never been the injuries complained of" as a basis for her claim for damages," and again in their brief in this court, "As pointed out hereinbefore, the injuries which are complained of and for which the joint action is brought, are solely those which were sustained as a result of the impact of the Shepherd car." It is apparent, therefore, that the defendant in error acquiesced in the ruling made by the trial judge, sustaining the special demurrers of the plaintiffs in error and striking from the petition those allegations referring to any injuries she may have received in the first

collision, and that she did not seek in her petition, nor by amendment thereto, to recover damages for injuries received in both collisions; but that the injuries complained of in the petition and for which the recovery of damages is sought, were the injuries received by her in the second collision only. The motion for a rehearing is denied. *Felton and Parker, JJ., concur.*