Under the general rule of law that questions of negligence, diligence, contributory negligence, causation, and proximate cause are questions of fact solely for the determination of the jury, the petition as amended set forth a cause of action against the defendant. Whether the plaintiff's driver in operating its bus at 40 miles per hour under the circumstances and conditions alleged was negligent, and if so, whether such negligence was the proximate cause of the plaintiff's damage so as to bar a recovery, are questions of fact for the jury and should not have been decided by the court on demurrer, and the trial court erred in sustaining the general demurrer and in dismissing the petition. Bonner v. Standard Oil Co.,22 Ga. App. 532, 535 (96 S.E. 573); Georgia Ry. Power Co.
v. Ryan, 24 Ga. App. 288 (1) (100 S.E. 713); Morrow v.Southeastern Stages, 68 Ga. App. 142 (22 S.E.2d 336);Scott v. Torrance, 69 Ga. App. 309, 318 (2)25 S.E.2d, 120;Shepherd v. Amos, 75 Ga. App. 221, 226 (42 S.E.2d 775).
Judgment reversed. Sutton, C. J., and Felton, J., concur.
 DECIDED JUNE 1, 1949.
Southeastern Greyhound Lines Inc. sued Campbell Coal Company for damages to one of its passenger buses, alleged to have been the result of the negligence of a driver of the defendant's truck while acting within the scope of his employment. The petition as amended alleged: that the plaintiff is a common carrier, operating buses transporting passengers between Marietta and Atlanta, Georgia, and was so engaged on the date the damage was sustained; that on that date one of its buses was being driven in a southerly direction from Marietta to Atlanta along U.S. Highway No. 41, in Fulton County, on that part of said highway known as North Side Drive, and in the lane reserved for south-bound traffic, at a speed of approximately 45 miles per hour, which speed was reduced to about 40 miles per hour as the bus approached the intersection of North Side Drive with West Wesley Road; that upon arriving at a point approximately 70 feet north of the middle of said intersection, the operator of the plaintiff's bus observed the defendant's 1947 Dodge truck proceeding northward along said North Side Drive in the lane reserved for north-bound traffic and approaching said intersection, being at that time about 100 feet south of the plaintiff's vehicle; that when the plaintiff's vehicle reached a point about 43 feet north of the center of the intersection, and when the defendant's vehicle was about 31 feet south of the center of the intersection, the defendant's vehicle was turned suddenly and without warning in a westerly direction across the center line of North Side Drive and into the traffic lane in which the plaintiff's vehicle was being operated; that the defendant's vehicle, which was approximately 23 feet long, was projected 8 feet across the said 12-foot lane, thus occupying two-thirds of the said lane, and was at the same time occupying practically the entire north-bound lane; that at said time the traffic-control signal light maintained at the intersection showed green or "go" in the direction in which the plaintiff's vehicle was traveling; that the driver of the defendant's truck, who was an employee operating the said truck during and within the scope of his employment with the defendant, made no signal of his intention to turn the truck; that the driver of the plaintiff's bus, upon observing the action of the defendant's driver, and in order to avoid striking the defendant's truck, applied the brakes on the bus and steered the bus along *Page 380 
the extreme western side of North Side Drive onto the shoulder of the west side of said roadway, and at the southwest corner of said intersection struck a utility pole and embankment at said corner, causing $702.30 damages to the left front of the said bus, for which the plaintiff sued.
The defendant's driver was alleged to have been negligent, in failing to turn his vehicle to the right of the center of the highway upon meeting the vehicle of the plaintiff; in failing to signal his intention to turn left across the traffic lane reserved for vehicles moving in the opposite direction; in failing to sound his horn or other signal device upon approaching the intersection; and in failing to allow the plaintiff's driver one-half of the street or highway in order that the plaintiff's vehicle might pass without interference.
The court sustained a general demurrer and dismissed the petition. The exception here is to that ruling.