33600.  CITY OF ATLANTA *et al. v.* CHERRY.
33601.  SOUTHERN AIRWAYS INC. *et al. v.* CHERRY.
33602.  EASTERN AIR LINES INC. *et al. v.* CHERRY.
33603.  DELTA AIR LINES INC. *et al v.* CHERRY.
33604.  CAPITAL AIR LINES INC. *et al. v.* CHERRY.

DECIDED OCTOBER 17, 1951.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Henry L. Bowden,* for City of Atlanta.

*Gambrell, Harlan & Barwick, M. Cook Barwick, James C. Hill,* for Southern Airways and Eastern Air Lines.

*Elbert P. Tuttle, Sutherland, Tuttle & Brennan,* for Capital Airlines, et al.

*J. Winston Huff, Powell, Goldstein, Frazer & Murphy,* for Delta Air Lines.

*William G. McRae, Eugene R. Simons,* for Cherry.

FELTON, J. 1. In the original opinion we ruled that the exceptions to the overruling of the general demurrers and special demurrers to the original petition, which included the demurrers for misjoinder of parties and causes of action, were premature. On rehearing in cases numbers 33601, 33602, and 33603, and on the court's own motion in cases numbers 33600 and 33604, the ruling and judgment of affirmance in each case is vacated for the reason that the amendment striking the prayers for equitable relief opened the case for renewal of demurrers as will be explained at the conclusion of the opinion, and the court will now pass on the questions raised by the demurrers as to misjoinder of parties and causes of action, in view of which it will not be necessary to pass on any of the other questions raised.

2. The basic allegation in the petition as to concert of action by the defendants, to which all subsequent related allegations refer, is that the defendants acted in accordance with and

pursuant to a "common concerted plan, scheme and device . . to establish, maintain and operate one East-West runway." It is elsewhere alleged that the airplane companies each operated planes over the plaintiff's property at low height so as to injure him, but it is not alleged that there was any concert of action in operating the planes in a way that would injure the plaintiff unless it is contained in the above-quoted allegation. We do not think that the above-quoted allegation charges any concert of action otherwise than to establish, maintain and operate the East-West runway. Nor does the new paragraph 24 substituted by amendment for the original paragraph of the same number cure such defect in the petition. The new paragraph 24 is as follows: "That the said defendants' airplanes take off from the said East-West runway and pass over your petitioner's property at an altitude usually from fifty to seventy-five feet; and said runway is so constructed and maintained by the City of Atlanta that such altitude is incident and necessary to the operation of airplanes by pilots taking off from said runway operating larger planes of the defendant airlines." This paragraph does not amount to charging that the airplane companies by any kind of concert of action co-operated with the city in constructing the particular runway with the knowledge that it would result in low-flying over plaintiffs' property, or that after the city so constructed the runway the airplane companies by concerted action or agreement used the runway in low flights over plaintiffs' property. The petition, properly construed, simply means that the city constructed the runway so as to require the low flights and that each airplane company used the alleged defectively constructed runway separately and independently, without concert or common design. In order to state a cause of action against the defendants jointly, there would have to be concerted action in operating in such a way as to injure plaintiff. The defendants could have had the concerted plan to establish and maintain the runway in a legal and proper manner, and yet, if each airplane company separately and on its own accord, and without the knowledge or consent of the other defendants, including the City of Atlanta, operated its planes to the injury of plaintiff, there would be no joint liability unless the acts of each combined naturally and directly to produce a single injury, a

fact which is not shown or alleged. Since the petition does not allege a concert of action in operating on the runway so as to injure the plaintiff and does not allege a conspiracy to so operate it, and does not allege any fact which would make each defendant liable for the acts of the others, the action against the defendants jointly will not lie. *United Cigar Stores Co.* v. *Ga. Ry. & Power Co.,* 27 *Ga. App.* 198 (107 S. E. 781); *Brooks* v. *Ashburn,* 9 *Ga.* 297; *City of Albany* v. *Brown,* 17 *Ga. App.* 707 (88 S. E. 215); *Schneider* v. *City Council of Augusta,* 118 *Ga.* 610 (45 S. E. 459); *Osborn* v. *Deboard,* 115 *Ga.* 500 (41 S. E. 985); *Armstrong* v. *So. Ry. Co.,* 29 *Ga. App.* 418 (116 S. E. 31); *Scearce* v. *Mayor &c. of Gainesville,* 33 *Ga. App.* 411 (126 S. E. 883); *McGinnis* v. *Shaw,* 46 *Ga. App.* 248 (167 S. E. 533); 46 C.J. 749; 39 Am. Jur. § 38, p. 318. There were no special demurrers for misjoinder of parties defendant and causes of action in *Thrasher* v. *City of Atlanta,* 178 *Ga.* 514 (173 S. E. 817), and in *Delta Air Corporation* v. *Kersey,* 193 *Ga.* 862 (20 S. E. 2d, 245). Since the petition as originally brought sought to join the defendants who, under this court's construction of the petition, acted independently, under the allegations, and prayed equitable relief, the striking of prayers for equitable relief was a material amendment and subjected the amended petition to special demurrer for misjoinder of parties and causes of action. It is permissible in a proper case to join defendants in equity to enjoin the continuance of a nuisance even though the defendants acted independently and without concert, design or common purpose, whereas it is improper to join them in an action at law for damages. 39 Am. Jur. pp. 437-438, § 167. Inasmuch as the court erred in not sustaining the special demurrers of the several defendants as to misjoinder of parties and causes of action, it is unnecessary to pass on the other questions involved because this court cannot predict what turn the case will take. In the event the case shall remain in court as to any one or all defendants, the final exceptions in each case may be treated as exceptions pendente lite to preserve the respective exceptions of the parties.

The court erred in overruling the special demurrers of each defendant raising the questions of misjoinder of parties and causes of action.

734

*Judgment reversed in each case.   Sutton, C.J., and Worrill, J., concur.*