19510. BROWN *v.* SMITH *et al.*

Argued November 13, 1956—Decided January 14, 1957—Rehearing denied February 13, 1957.

*Frank E. Blankenship*, for plaintiff in error.
*J. G. Roberts, Scott S. Edwards, Jr.*, contra.

Almand, Justice. Mrs. Jennie Maude Attaway Brown brought a petition against W. R. Smith, Cobb County, and Rholie J. Ward in his official capacity as County Commissioner of Cobb County, in which she sought legal and equitable relief against the defendants. Her prayers were: (1) for a decree of title in her to a strip of land 1,350 feet long and 100 feet in width, containing 3.1 acres more or less; (2) that the court decree that that part of North Log Cabin Drive north from its intersection with Young Street is a private road; (3) that the court decree that that part of Young Street and North Log Cabin Drive south from its intersection with Young Street are public roads; (4) that the petitioner be awarded compensation for the use of that portion of Young Street and North Log Cabin Drive being used for public roads; (5) that she be awarded compensation as consequential damages; (6) that she be awarded actual and punitive damages against all the defendants; and (7) that she have injunctive relief against the defendants Ward and Smith. The general and special demurrers of the defendants were sustained. One of the special demurrers sustained was that there was a misjoinder of parties

and causes of action. The plaintiff assigns error on these orders.

The court properly sustained the special demurrers, which asserted that there was a misjoinder of parties and causes of action. The plaintiff in her petition seeks legal and equitable relief against the defendant Smith as to the use of her property as a private way in traveling from his residence to a public road. She seeks legal and equitable relief against the other defendants for the use of her property for public purposes without paying her compensation. She also seeks to recover actual and consequential damages against Ward and Cobb County for taking her property, and to recover actual and punitive damages against all the defendants. It is clearly apparent that the defendant Smith has no interest in or connection with the plaintiff's claim against Ward as County Commissioner, and against Cobb County, and that the latter parties have no interest in or connection with the plaintiff's claim against Smith as to his use of her property for private purposes.

A suit in equity based on separate and distinct claims against different persons, where there is no common right to be established, will be dismissed on demurrer on the ground of multifariousness. *McCowan* v. *Snook*, 175 *Ga.* 430 (1) (165 S. E. 84). Likewise, an action at law can not be maintained against different persons upon separate and distinct claims. Code § 3-110. The allegations in the instant petition show that the defendants were acting independently, and that whatever damages each of the defendants may have separately inflicted on the plaintiff, they cannot be recovered in a joint action against all of them. *Schneider* v. *City of Augusta*, 118 *Ga.* 610 (45 S. E. 459); *Ga. So. & Fla. Ry. Co.* v. *Corry*, 149 *Ga.* 295 (99 S. E. 881); *Scearce* v. *Mayor &c. of Gainesville*, 33 *Ga. App.* 411 (126 S. E. 883).

Without inquiring into other grounds of demurrer, it being plainly apparent that the petition was subject to the special demurrers on the ground of misjoinder of parties and causes of action, it was not error to sustain such special demurrers and dismiss the case.

*Judgment affirmed. All the Justices concur.*