*J. L. Mayson* and *W. D. Ellis Jr.,* for defendant.

---

AARON *v.* COCA COLA BOTTLING COMPANY *et al.*

Under the allegations of the petition in this case, negligence on the part of both of the joint defendants, contributing to produce the injury complained of, is sufficiently shown to withstand the demurrer on the single ground that there was a misjoinder of parties defendant; and the court erred in sustaining this ground of the demurrer and dismissing the case.

FEBRUARY 11, 1915.

Action for damages. Before Judge Pendleton. Fulton superior court. December 4, 1913.

O. C. Aaron, as next friend of Lucile Aaron, a minor, brought suit against the Coca Cola Bottling Company and M. J. Merlin, to recover damages for personal injuries sustained ·by Lucile Aaron in consequence of her having stepped upon certain sharp fragments of broken glass bottles, whereby her feet were cut. The petition charges, that the broken glass was on the sidewalk in front of Merlin's store, in consequence of certain acts of negligence upon the part of defendants, which are set forth in the petition; that they carelessly and negligently allowed the fragments of glass to remain upon the sidewalk; and that Lucile Aaron, without fault upon her part, stepped on the broken glass and in doing so received the injuries complained of. Both of the defendants demurred to the petition upon the ground, among others, that there was a misjoinder of parties defendant. The court sustained this ground of the demurrer; and no amendment having been tendered by the plaintiff after an opportunity to amend was allowed, the petition was dismissed.

*McClelland & McClelland,* for plaintiff. *Jones & Chambers* and *Little, Powell, Hooper & Goldstein,* for defendants.

BECK, J. (After stating the foregoing facts.) The only ground on which the demurrer was sustained was that of a misjoinder of parties defendant. The order stated that the other grounds of demurrer were not passed upon. Accordingly, it only remains to be determined whether the allegations sufficiently show that the injury resulted from negligence in which each of the defendants was guilty. As to the Coca Cola Bottling Co., it was alleged that it supplied Merlin with coca cola, and by custom and under contract it delivered the full bottles at the store of Merlin and took up and carried back to its place of business all empty bottles of the company. On the day named the company just named, through its agents, delivered a quantity of coca cola in bottles to Merlin at his store, collected up the empty bottles, about two dozen in number, for the purpose of carrying them away, and carried them to the front of the store. At that point, directly on the left of the door entering from the street, was a small projection upon which the agents of the company set the empty bottles, and stopped for a few minutes while conversing with an employee of Merlin and waiting for the rain to subside. The place where the bottles were set was a hazardous and dangerous place, and was so known to both Merlin

and the agents of the company. During the temporary delay of these agents, a clerk employed by Merlin opened the screen door which was attached to the front door of the store, and in so doing knocked the bottles from the projection down upon the sidewalk, where they were broken. The company (doubtless meaning through its agents) witnessed the bottles being precipitated to the sidewalk and broken, and knew of the danger to pedestrians who traversed the sidewalk or who tried to enter the store of Merlin, but carelessly and negligently allowed the broken bottles to remain on the sidewalk and in front of Merlin's door, and injury resulted to the plaintiff, who was passing along the sidewalk and stepped with her bare feet upon the broken glass. Thus, so far as the company is concerned, the allegations show that while its agents were engaged in gathering and carrying away empty bottles, which necessitated crossing the sidewalk, they stopped temporarily to avoid the rain, and placed the bottles over the sidewalk in a dangerous place where they were likely to be knocked off and cause injury. In fact they were knocked off by the opening of the store door. But the company's agents, though seeing the breaking of the bottles, allowed them to remain on the sidewalk, so that the injury resulted. These allegations are sufficient to show negligence on the part of the company's servants, from which, in whole or in part, injury resulted. The opening of the store door was not shown to have been negligently done, and it can not be said that the alleged negligence of the company's agents was disconnected from the injury. They could not, in the discharge of their duty to carry the bottles away, put them in a place of danger, see the danger become a reality by having them knocked on to the sidewalk and broken, make no effort to remove them, and then claim exemption.

So far as Merlin was concerned, in addition to the allegations already mentioned, more especially affecting the acts and conduct of the agents of the company, it was alleged, that he conducted a general store which was open to the public and where they were invited to be; that he knew that the place where the empty bottles were set by the agents of the company was a hazardous and dangerous place; that his clerk opened his store door and caused the bottles to be precipitated from such place upon the sidewalk and broken; that Merlin, as well as the agents of the company, witnessed this knocking of the bottles upon the sidewalk and break-

ing them, and knew the danger to pedestrians who traversed the sidewalk or who tried to enter his store; and that he, as well as the company, carelessly and negligently allowed the broken bottles to remain on the sidewalk in front of his store door, and injury resulted from their so remaining. Thus he was connected with the cause of the injury. The bottles were being removed under an agreement with him. The place was his store fronting on a public sidewalk, where pedestrians were likely to pass. He saw the bottles placed on a dangerous ledge or projection overhanging the sidewalk, and knew that it was a hazardous place. He saw his clerk open his store door and knock the bottles from such ledge, and saw this dangerous pile of glass thus thrown upon the sidewalk in front of his store, where he knew that pedestrians were likely to be, and yet made no effort to protect them, but negligently permitted the broken glass to remain in this dangerous situation.

We think that the allegations sufficiently show negligence on the part of each of the defendants, contributing to produce the injury; at least, so far as to withstand the demurrer on the single ground that there was a misjoinder of parties defendant. The other grounds of the demurrer were not passed upon. Whether or not the defendants or either of them were as a matter of fact guilty of negligence proximately causing the injury is not now determined, but that issue may be for determination hereafter. What we now hold is that it was error to dismiss the petition on the ground of misjoinder of parties defendant.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*