MARY T. DORNE *vs.* JAMES S. ADAMS & another.

Hampden.    December 4, 1922. — January 5, 1923.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Motor vehicle, *Res ipsa loquitur. Evidence,* Presumptions and burden of proof.

At the trial of an action for personal injuries received when the plaintiff was run into by a motor vehicle of the defendant which his employee, acting in the scope of his employment, left standing unattended on a public way on a grade descending in the direction in which it was facing, there was evidence tending to show that, if the mechanism of the car in all its parts were in good condition, with its front wheel turned into the curbing, the emergency brake set and the engine put in reverse gear, the car would not start unless interfered with by some person, and that, if the emergency brake were not set nor the engine in reverse gear, the grade would force the car down the hill if the wheel was not turned into the curbing sufficiently to hold it. There was evidence that no person was in the vicinity of the car between the time when it was left and the time when it started. The driver testified that before leaving the machine he stopped it with the front wheel on the right side up against the curbing, that he shut off the motor and set the emergency brakes, that the brakes were in good condition at the time the machine was left on the street, and that he had not complained about them. Solely for the purpose of contradicting the driver, evidence was admitted that after the accident he had said to a police officer that the car started because the brakes did not hold, and that he had complained of them five or six times. *Held,* that

(1) The testimony of the driver might have been disbelieved by the jury;

(2) A finding was warranted, notwithstanding the testimony of the driver, that when he left the car the emergency brake was not set, that the wheel was not sufficiently turned against the curbing to hold it, and that it was in motion soon after;

(3) There was ample express evidence of negligence of the driver.

In the action above described it *was stated* that, there having been express evidence of negligence of the driver, the doctrine of *res ipsa loquitur* had no application.

TORT for personal injuries received when the plaintiff was struck by a motor vehicle of the defendant in the circumstances described in the opinion. Writ dated December 12, 1919.

In the Superior Court, the action was tried before *Callahan*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be entered in his favor. The motion was denied, and, the parties having waived their right to further jury trial, the trial judge reported the case to this court for determination, the parties stipulating that, if the denial of the defendant's motion was right, judgment should be entered for the plaintiff in the sum of $1,500; otherwise, judgment should be entered for the defendant.

The case was submitted on briefs.

*J. B. Ely & W. A. McDonough*, for the defendant.

*J. J. Murray & W. P. Hayes*, for the plaintiff.

CROSBY, J. An automobile truck, owned by the defendants, was left unattended on Maple Street in Springfield, while the driver went into his boarding house to obtain his midday meal. The truck was left on a descending grade in the direction in which the truck was headed, which grade increased until it reached State Street, an intersecting street. Soon after the driver left the truck, it ran unattended down Maple Street, across State Street to its northerly sidewalk, and into the window of a store, striking the plaintiff and knocking her into the doorway of the store. It was agreed that the driver was acting within the scope of his employment for the defendants in stopping and leaving the truck at the point from which it started down the street.

The due care of the plaintiff is not in issue. The only question is whether negligence on the part of the driver could have been found. He testified that before leaving the machine he stopped it with the front wheel on the right side up against the curbing,

that he shut off the motor and set the emergency brakes. The plaintiff testified that after the accident she heard the driver say to an officer at the corner of Maple and State streets, that the car started because the brakes did not hold, and that he had complained of them five or six times. This evidence was admitted by the trial judge solely to contradict the driver, who previously had been called as a witness by the plaintiff and had testified that the brakes were in good condition at the time the machine was left on the street, and that he had not complained about them.

A witness called as an expert by the plaintiff testified in substance that, if the mechanism of the car in all its parts was in good condition, the front wheel turned into the curbing, and the emergency brake set, it would not start unless interfered with by some person; he further testified that, if the emergency brake was not set, the grade would force the car down the hill if the wheel was not turned into the curbing sufficiently to hold it. There was evidence that no person was in the vicinity of the car between the time when it was left and the time when it started. The jury could have found, notwithstanding the testimony of the driver, that when he left the car the emergency brake was not set, that the wheel was not sufficiently turned against the curbing to hold it, and that it was in motion soon after. There was evidence that if the driver had set the emergency brake, stopped the engine, turned the wheel into the curbing and put the truck in reverse gear, it could not have run down the hill. Even if the testimony of the driver were uncontradicted, the jury could have disbelieved it. *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188, 191.

Upon the testimony most favorable to the plaintiff, and with the rational inferences which might be drawn therefrom, there was ample proof of negligence of the driver. As it could have been found that the car was left upon a descending grade without being properly secured, there was express evidence of negligence; the doctrine of *res ipsa loquitur* has no application.

By the terms of the report judgment is to be entered for the plaintiff in the sum of $1,500.

*So ordered.*