FANNIE OSTROFF *vs.* JACOB DONDIS.

Bristol.    October 24, 1927.— November 28, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Contributory.    *Evidence,* Presumptions and burden of proof.
  *Practice, Civil,* Ordering verdict.

At the trial of an action by a woman against the proprietor of a store for
  personal injuries suffered when she fell as she was descending a stairway
  to the basement, where the plaintiff admitted that it was daylight and
  the flight of stairs was straight and testified that there was a pile of
  papers on the stair and her foot turned on the stairs and on the paper,
  it was proper for the trial judge to refuse to rule either that there was
  no evidence that the plaintiff was not in the exercise of due care or that
  upon all the evidence the jury should find that the plaintiff was in the
  exercise of due care: the question, whether the plaintiff exercised due
  care, was for the jury to determine.

TORT for personal injuries.    Writ dated November 7, 1922.

In the Superior Court, the action was tried before *Gray,* J.
Material evidence and rulings by the judge upon request by
the plaintiff are stated in the opinion.    The jury found for
the defendant.    The plaintiff alleged exceptions.

*D. R. Radovsky,* (*H. W. Radovsky* with him,) for the plaintiff.

*H. F. Hathaway & E. A. Hathaway,* for the defendant,
were not called on.

CARROLL, J.    The plaintiff testified that she went to the
defendant's place of business to purchase merchandise; that
while going down a flight of stairs leading to the basement,
she fell and was injured; that she fell because "there was a
big pile of papers at the bottom stair that covered one step
or two steps; that her foot then slipped . . . that the bottom
one or two were covered with these papers . . . that her
foot turned . . . on the stair and on the paper." She ad-
mitted it was daylight and the flight of stairs was straight;
that she supposed "she could have pushed . . . [the paper
away with her foot . . . [but] she did not stop to do that."
At the close of the evidence the plaintiff asked the judge to

rule: (1) There was no evidence that the plaintiff was not in the exercise of due care; and (2) upon all the evidence the jury should find that the plaintiff was in the exercise of due care. The jury found for the defendant.

The trial judge was right in refusing to make either of the rulings requested. The question of the plaintiff's care was one of fact for the jury. The judge could not rule that the plaintiff was in the exercise of due care. Although her testimony was not contradicted, the jury might not have believed it. They might have found that she was not injured in the way she testified; nor because the paper was on the stairway. The weight to be given to her testimony was for the jury. *Lindenbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 314. *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188, 191. *Dorne* v. *Adams,* 243 Mass. 438, 440.

Even if the jury believed a part of the plaintiff's testimony and disbelieved other parts, they could have found that, in going down the stairs and seeing the paper, she might have paused and pushed it away before proceeding, and that she was not in the exercise of proper care in acting as she did. See *Hicks* v. *H. B. Church Truck Service Co.* 259 Mass. 272.

*Exceptions overruled.*