## MARIAN M. MORSE *vs.* EDITH B. STURGIS.

Middlesex.   November 17, 1927.— January 14, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence,* Motor vehicle.   *Dog.*

A poodle dog, sitting beside its mistress who was driving an automobile, became sick, and, in coming to her for comfort, jumped into the steering wheel, causing her so to lose control of the wheel that the automobile struck another automobile parked in front of a garage, bent its rear axle, right rear wheel and two fenders, knocked it to one side and continued at a speed of fifteen to twenty miles an hour, ran into a gasoline pump and knocked it over upon one who was standing on the walk near it.   In an action by the person so injured against the dog's mistress, there was evidence that the dog often had accompanied the defendant, riding on the front seat for "hundreds of miles," and that it was well behaved and had never shown any tendency to change its position or to cause any trouble; and that the defendant did not slacken speed nor use the emergency brake.   *Held,* that
  (1) There was evidence of negligence of the defendant in violating G. L. c. 90, § 13;
  (2) A finding was warranted that the defendant was not driving the automobile with ordinary caution;
  (3) The defendant could not escape liability merely because she chose to take her dog and place it on the seat beside her where, if it became sick or restive, its sickness or conduct might interfere with the proper management of the automobile.

TORT for personal injuries.   Writ dated November 10, 1924.

In the Superior Court, the action was tried before *Brown,* J. Material evidence and rulings by the judge are stated in the opinion.   There was a verdict for the plaintiff in the sum of $5,100.   The defendant alleged exceptions.

*A. E. Yont,* for the defendant.

*R. T. Parke,* for the plaintiff.

BRALEY, J.   This is an action of tort for personal injuries alleged to have been caused by an automobile, negligently operated by the defendant, striking the plaintiff who was lawfully standing on a dirt sidewalk contiguous to a public way over which the car was passing.   The due care of the

plaintiff was conceded. The defendant testified that the automobile had "a left hand drive"; that on the front seat her poodle dog was lying at her side and had often so accompanied her, riding on the front seat for "hundreds of miles"; that the dog was well behaved and had never shown any tendency to change its position or cause any trouble; that while she was driving the dog became sick and, in coming to her for comfort, jumped into the steering wheel; that she kept both hands on the wheel until after the plaintiff was injured, but could not move it. The accident occurred in broad daylight under conditions which the jury could find were as follows: The defendant was driving on Park Street, a wide highway running northerly from the town of Ayer, where the accident happened, to the town of Groton. In front of a garage located at the place of the accident, the surface of the street consisted of concrete. The garage was a stone building standing sixteen to twenty feet distant from the edge of the street on which it had a frontage of between forty and seventy feet. A gasoline pump, weighing about 800 pounds and bolted to a cement foundation, stood at the north end of the garage in connection with which it was used. A Ford car was standing in front of the garage. The car driven by the defendant passed off the concrete surface of the street, struck the Ford car, bent its rear axle, right rear wheel and two fenders, knocked it to one side and continued at a speed of fifteen to twenty miles an hour, ran into the gasoline pump and knocked it on to the plaintiff who was standing on the walk near it.

The defendant, in substance, requested the following instructions: that if the jury found that the dog had been accustomed to ride with her, the defendant had the right to assume that it would remain in its usual or accustomed place; that if the jury found that the dog was usually well behaved, did not interfere with the operation of the automobile, that he suddenly became ill, jumped toward the defendant and into the steering wheel of the automobile and, in consequence, the defendant lost control of the automobile, then the defendant was not negligent; that the owner of the dog could not be held responsible for damage done or caused by

the dog if the injury or damage was the result of sudden illness, paroxysm, spasm, or other involuntary muscular movement or action caused by illness; that the defendant was not negligent in allowing a dog to ride on the front seat of the automobile if it had been accustomed thus to ride and had not displayed any vicious habits or restlessness that might in any way tend to impede the proper operation of the automobile; that, if the jury found the defendant was operating the automobile properly and that the accident was caused solely by the act of the dog in unexpectedly jumping into or upon the steering wheel, or otherwise interfering with the operation of the automobile, because of its sudden illness, paroxysm, spasm, or other involuntary movement due to its illness, then the defendant was not liable. To the judge's refusal so to rule the defendant excepted.

The defendant was bound to comply with the requirement of G. L. c. 90, § 13, that "No chauffeur or operator, when operating a motor vehicle, shall have or permit to be on or in such vehicle or on or about his person anything which may interfere with or impede the proper operation of the vehicle or of any of the machinery or appliances by which the vehicle is operated or controlled." If the jury found a violation of the statute, there was evidence of the defendant's negligence. *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580. If the jury found it to be a fact that the defendant drove the car accompanied by a dog, that fact did not relieve her from using due care under all the circumstances even if, during previous journeyings, the dog had shown no signs of stomachic disorder. On the defendant's own evidence it could be found that she did not slacken speed nor make any effort to use the emergency brake, and the jury, on all the evidence, warrantably could say that the automobile, which was in good mechanical condition, was not driven with ordinary precaution. If the defendant chose to take her dog and seat it beside her where, if it became sick or restive, its sickness or movements might interfere with the proper management of the automobile, she cannot escape liability for the consequences. *Brown* v. *Thayer*, 212 Mass. 392. *Massie* v. *Barker*, 224 Mass. 420. The judge was not required to rule

in the language requested, and his instructions to the jury, to which no exceptions were taken, sufficiently covered the requests.

*Exceptions overruled.*