*Smith & Taylor,* for plaintiff.

*Boykin & Boykin,* for defendant.

---

### 18198.   JOLLY *v.* CITY OF ATLANTA.

JENKINS, P. J.   1. The general rule of law is that a municipal corporation is bound to keep its streets and sidewalks in a reasonably safe condition for travel in the ordinary modes, by night as well as by day; and if it fails to do so, it is liable in damages for injuries sustained in consequence of such failure.

2. The rule which does not permit a joint action against two or more persons or corporations for injuries sustained from their independent conduct does not prevent the maintenance of a joint suit, even though actual, voluntary, and intentional concert of action on the part of the defendants is lacking, if their separate acts of negligence combine naturally and directly to produce the single injury. *Brooks* v. *Ashburn,* 9 *Ga.* 297 (3); *Mashburn* v. *Dannenberg Co.,* 117 *Ga.* 567, 580 (44 S. E. 97); *Aaron* v. *Coca Cola Bottling Co.,* 143 *Ga.* 153 (84 S. E. 556); *Scearce* v. *Gainesville,* 33 *Ga. App.* 411 (3) (126 S. E. 883); *Barrett* v. *Savannah,* 9 *Ga. App.* 642, 644 (72 S. E. 49); 38 Cyc. 488; 22 L. R. A. 261.

3. Applying the foregoing principles to the instant case, a joint action against a municipality and a street-railroad company was not subject to demurrer on account of a misjoinder of parties, where the negligence alleged against the municipality consisted in its failure to keep its streets and sidewalks in a safe condition for travel in the ordinary modes, in that it negligently allowed a hole to remain in the street at at a point where passengers from street-cars were accustomed to alight; and where the alleged negligence of the railroad company was that without notice or warning it ejected the plaintiff, a passenger, from its car at a place in the street where the hole was, and where on alighting he was likely to be injured by coming in contact therewith.   The instant case is distinguishable in its facts from that of *City of Albany* v. *Brown,* 17 *Ga. App.* 707 (88 S. E. 215), wherein it was shown by the petition that the street-car company was fully aware of the predicament of the plaintiff in being caught with his car by the obstruction in the road in front of the street-car, but, notwithstanding such notice on its part, negligently ran down the plaintiff while in such predicament.   In that case it could not reasonably be said that the city could foresee such a natural consequence of its own negligence in obstructing the street, and in such a case the entire responsibility for the injury

---

Actions, 1 C. J. p. 1103, n. 80.

Municipal Corporations, 43 C. J. p. 974, n. 43; p. 1216, n. 51.

devolved upon the street-car company, whose alleged negligence necessarily constituted the proximate cause of the injury.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 16, 1928.

Action for damages; from Fulton superior court. Judge Humphries. April 13, 1927.

*C. L. Padgett, G. G. Finch,* for plaintiff.

*J. L. Mayson, C. S. Winn,* for defendant.