MYER LEVY, Appellant, *v.* MORRIS STOTCHIK, Respondent.

Supreme Court, Appellate Term, First Department, June 26, 1928.

**Motor vehicles — collision — defendant's automobile stood at curb on grade with windows closed — prima facie inference is that automobile was negligently parked either without brakes or with defective brakes — dismissal of complaint error.**

The dismissal of the complaint in this action to recover damages to plaintiff's automobile was error, for it appears that defendant left his automobile

standing at the curb on a grade with the windows so closed that an outsider was not able to reach the brakes, with the result that it rolled down the grade and damaged plaintiff's car; there is a *prima facie* inference from the proof that defendant's car was negligently parked, either without brakes set or with defective brakes.

APPEAL by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, Fifth District, in favor of defendant.

*William H. Freedman,* for the appellant.

*Frederick Mellor,* for the respondent.

PER CURIAM. The testimony offered by the plaintiff is to the effect that while his car was standing at the curb of West Seventy-ninth street, which runs somewhat at a grade, defendant's sedan car, with its windows so closed that an outsider was not able to reach the brake, rolled down an incline and damaged plaintiff's car. From these facts there is surely a *prima facie* inference that the defendant's car was negligently parked, either without brakes set or with defective brakes, quite apart from the neglect to take other possible precautions. It was, therefore, error to dismiss the complaint at the close of plaintiff's case.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, LEVY and CRAIN, JJ.