24014. JONES *v.* WADLEY *et al.*

DECIDED JANUARY 11, 1935.

*Robert G. Plunkett, Cecil A. Baldwin,* for plaintiff.
*Turpin & Lane, Thomas A. Jacobs Jr.,* for defendants.

MACINTYRE, J. Johnnie Jones, a minor, suing by his next friend, avers that "Richard B. Wadley, trading under the name and style of the Sunshine Creamery, and the partnership of Chapman & Hatfield, and John Chapman and Paul Hatfield, individually, . . have injured and damaged your petitioner in the sum of . . $5,000 . . by reason of the facts hereinafter stated." By paragraph, the petition as amended continues substantially as follows:

4. Prior to, on, and after December 17, 1932, Chapman & Hatfield "operated a grocery store on Houston Avenue, within the said

county of Bibb, and just beyond the corporate limits of the City of Macon."

5. On said date "your petitioner was employed as a delivery boy in a grocery store adjoining the building occupied by said Chapman and Hatfield."

6. On said date "the said defendants, Chapman & Hatfield, had placed upon a concrete sidewalk in front of the store operated by them, said sidewalk extending from said store to the sidewalk abutting Houston Avenue, a quantity of bottled syrup, together with other articles of merchandise, said sidewalk being a public thoroughfare in general use by the public."

7. "That on said date the milk delivery wagon or truck of the said Richard B. Wadley . . was driven to the store of Chapman & Hatfield for the purpose of delivering and selling milk to the said Chapman & Hatfield."

8. "That the driver in charge of said . . truck was a man by the name of Pete Freeney, and in the selling and delivery of said milk to the said Chapman & Hatfield on said date the said Pete Freeney was acting as the agent and employee of the said Richard B. Wadley and was acting within the scope of his employment."

9. While in the act of delivering said milk to said Chapman & Hatfield the said Freeney "carelessly and negligently kicked over and broke two bottles of said syrup, . . causing the entire contents of said bottles to spread upon said concrete sidewalk in front of said building, where it remained for several days."

10. "Petitioner shows that after a lapse of some time he left the store where he was employed as delivery boy, for the purpose of delivering ten gallons of kerosene oil which was contained in two five gallon containers."

11. "Petitioner shows that he did not know at the time that the bottles containing said syrup had been broken and that said syrup was upon said concrete sidewalk, and by the exercise of ordinary care could not have discovered the dangerous condition of said sidewalk in time to avoid the injury hereinafter referred to."

12. "Said syrup was spilled upon said sidewalk within a few feet from the door of the store where petitioner was employed, and also within a few feet of the door of the store occupied by Chapman & Hatfield."

13. "Petitioner shows that when he left said store with said

kerosene he stepped into said syrup and was thrown with great force and violence upon said concrete sidewalk, and as a result of said fall petitioner's left arm was broken, and his entire body badly bruised and hurt."

14. As a result of said injuries petitioner "suffered excruciating pain," etc.

15. "Petitioner shows that at the time he slipped and fell upon said syrup he was in the exercise of all ordinary care and diligence, and by the exercise of such care and diligence such injuries could not have been avoided."

16. "Petitioner shows that he was injured and damaged solely by and through the negligence of said defendants, and by reason thereof that said defendants are jointly and severally liable to petitioner in the sum hereinbefore set forth."

17. "Petitioner shows that said defendants were negligent as follows: (a) In that said Chapman & Hatfield placed, or caused to be placed, said syrup upon said concrete sidewalk. (b) In that the said Pete Freeney, agent and employee of the said Richard B. Wadley, trading as aforesaid, kicked over and broke the bottles containing said syrup, thereby causing the same to spill upon said sidewalk. (c) In that said defendants failed to remove said syrup from said sidewalk within a reasonable time after the same spilled. (d) In that the defendants failed to place sand, or other substance, over said syrup to prevent petitioner or other pedestrians from slipping and falling. (e) In that said defendants failed to warn your petitioner of the dangerous condition of said sidewalk. (f) In that said defendants failed to place any barrier around said syrup so as to prevent petitioner from stepping upon said syrup. (g) In that said defendants permitted said syrup to remain upon said sidewalk after it had become spilled from said bottles."

18. "Petitioner shows that the sidewalk hereinbefore referred to, and upon which said syrup was spilled, was a public sidewalk or thoroughfare leading from the building occupied by the said Chapman & Hatfield to the sidewalk abutting Houston Avenue, a distance from the eastern edge of the Houston Avenue sidewalk to the store of Chapman & Hatfield being only a few feet."

In addition to the amendments to the petition which have been incorporated in the foregoing statement, the petition was amended by making paragraph 10 read as follows: "Petitioner shows that

about eleven o'clock a. m. on said date, after a lapse of an hour or more after said syrup had been spilled upon said sidewalk, he left the store where he was employed as delivery boy for the purpose of delivering ten gallons of kerosene oil which was contained in two five-gallon containers." The petitioner also amended the petition by adding thereto the two following paragraphs, which, for convenience will be numbered 19 and 20:

19. "Petitioner shows that the said Pete Freeney immediately after spilling said syrup upon said sidewalk went into the store of the said defendants, Chapman & Hatfield, and told both of said defendants that said syrup had been spilled upon said sidewalk."

20. "Petitioner shows that on said morning a rain had fallen, and that said sidewalk was wet, and that by reason of the wet condition of said concrete sidewalk it was dark in color, and there was practically no difference in the color of the said sidewalk where the syrup had been spilled and the color of the balance of the sidewalk, and by reason thereof petitioner was unable to discover the presence of said syrup."

The defendants filed demurrers, both general and special, to the petition, but the only demurrer passed upon by the court was that averring a misjoinder of parties defendant, the judgment of the court being that "said demurrers be sustained on the ground of a misjoinder of parties defendant, and that plaintiff's petition be dismissed." This judgment is excepted to.

"If separate and independent acts of several tort-feasors combined naturally and directly to produce a single injury, they may be sued on jointly, although the injury might not have been sustained had only one of the acts of negligence occurred; and the fact that the duty owed to the plaintiff by two or more of the defendants may or may not have been the same does not prevent application of this principle." *Hopkins* v. *Atlanta*, 172 *Ga.* 254 (157 S. E. 473). "An owner of property abutting upon a street or highway is not, by virtue of being such owner, liable for defects in the street or highway. But this rule has no application where the owner of abutting property creates a defect in a street or highway or a nuisance therein. In the latter event he is liable, not because he owns the abutting property, but because he creates or maintains the thing from which injury results." *Georgia Railway & Electric Co.* v. *Tompkins*, 138 *Ga.* 596 (2), 599 (75 S. E. 664).

3. It is a well-established general rule that, "where two or more persons or corporations, acting independently, without concert, plan, or other agreement, inflict a damage or cause an injury to another person, the persons inflicting the damage are not jointly liable therefor, but each is liable for his proportion only of the damages; and in such case a joint action against them can not be maintained. . . But it is also true that, even though voluntary, intentional concert is lacking, if the separate and independent acts of negligence of several combine naturally and directly to produce a single injury, they may be sued jointly, despite the fact that the injury might not have been sustained had only one of the acts of negligence occurred . ." We have quoted from the decision in *Scearce* v. *Gainesville,* 33 *Ga. App.* 411 (2), (3) (126 S. E. 883). To the same effect is *Jolly* v. *Atlanta,* 37 *Ga. App.* 666 (2) (141 S. E. 223).

We think that the petition in the instant case substantially alleges that the dangerous condition of the sidewalk was caused by the negligence of Chapman and Hatfield in placing the bottles of syrup on the sidewalk, and the negligence of Wadley in that his agent negligently kicked over and broke said bottles, causing the contents thereof to spill on the sidewalk. We are further of the opinion that, under the allegations of the petition, the duty devolved upon both Wadley and Chapman and Hatfield to remove the dangerous condition caused by them, and that they breached this duty to the injury and damage of the plaintiff, without negligence on his part. A case strikingly similar to the one under consideration is that of *Aaron* v. *Coca-Cola Bottling Co.,* 143 *Ga.* 153 (84 S. E. 556). We hold that the court committed reversible error in dismissing the petition on the ground of misjoinder of parties defendant.

*Judgment reversed. Guerry, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. I think that the judgment should be affirmed because the petition showed a misjoinder of parties defendant in that it failed to disclose any *joint* act of negligence on the part of the defendants or that there was any *concert* of action on their part in injuring the plaintiff. See *City of Albany* v. *Brown,* 17 *Ga. App.* 707 (88 S. E. 215). In my opinion the case of *Aaron* v. *Coca-Cola Co.,* supra, is distinguished by its particular facts from this case.