30442. LENTZ *v.* E. T. ALLEN COMPANY *et al.*

DECIDED OCTOBER 4, 1944.

602

*William G. Killard, Harold Karp,* for plaintiff.

MacIntyre, J.   One of the defendants, E. T. Allen Company, filed a general demurrer to the petition which, in effect, alleged that, while the plaintiff's automobile truck was parked upon the premises of that defendant, and was being loaded at its warehouse and place of business, and at a point where someone in behalf of the company had directed that it be loaded, two box cars which had been parked on the siding and property of E. T. Allen Company by the defendant railroad companies at a place designated by E. T. Allen Company, rolled down the incline and damaged the plaintiff's truck; that the cars were left insecure as to their stationary condition by the agents, servants, and employees of E. T. Allen Company, and the agents, servants, and employees of the railroad companies; that E. T. Allen Company, through its agents, servants, and employees, had full and complete knowledge of the presence of the box cars and by proper care could have kept them from running away down the inclined siding; and that the defendants knew, or should have known, that the cars were not secured so that they would not move down the incline except by the intervention of some external force not to be anticipated or guarded against.

We think that under the allegations of the petition, if the railroad cars were negligently parked, the petition set out a cause of

action against the defendant E. T. Allen Company. Hence, the only question remaining for our determination as to whether the general demurrer was good, is, do the allegations of the petition show that the railroad cars were negligently parked on an incline? *Aaron* v. *Coca-Cola Bottling Co.,* 143 *Ga.* 153 (84 S. E. 556); *Ga. Ry. & Power Co.* v. *Ryan,* 24 *Ga. App.* 288 (100 S. E. 713); *Jolly* v. *Atlanta,* 37 *Ga. App.* 666 (141 S. E. 223); *Brooks* v. *Ashburn,* 9 *Ga.* 297.

The petition, relative to the negligent parking of the two railroad cars, alleged, in effect, that they were left unattended on an incline either with hand brakes not set, or with air brakes, which, if set, the defendants knew, or in the exercise of ordinary care should have known, would become ineffective in a short time after the cars were thus parked and disconnected from the train or engine; that the only precaution taken to keep said cars from moving down the incline into the petitioner's truck, which was on the premises of E. T. Allen Company by its invitation, and was being loaded at a point where someone in behalf of E. T. Allen Company had directed that it be loaded, was a three-quarter-inch piece of board used as a "scotch" by the defendants, which was not sufficient to prevent said cars from moving down said incline, even though there was no intervention of some external cause not to be anticipated or guarded against. Therefore we think that the judge erred in sustaining the general demurrer of the defendant E. T. Allen Company. See in this connection, Levy *v.* Stotchik, 132 Misc. 453 (230 N. Y. Sup. 196); Maloney *v.* Kaplan, 233 N. Y. 426 (135 N. E. 838, 26 A. L. R. 909); Latky *v.* Wolfe, 85 Cal. App. 332 (259 Pac. 470); Dorne *v.* Adams, 243 Mass. 438 (137 N. E. 650); *Freeman* v. *Levy,* 60 *Ga. App.* 861 (5 S. E. 2d, 61); *Fulton Ice & Coal Co.* v. *Pece,* 29 *Ga. App.* 507 (116 S. E. 57).

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*