35655. COFFEE COUNTY *v.* JORDAN *et al.*

DECIDED APRIL 25, 1955—REHEARING DENIED MAY 10, 1955.

*J. W. Waldroup, H. J. Quincey*, for plaintiff in error.

*E. R. Smith, Jr., Benjamin Smith, Jr., Ben T. Willoughby*, contra.

QUILLIAN, J. Mrs. Odessa E. Jordan, J. H. Edenfield, Mrs. Alline E. Persons, Mrs. Cannie Lewis, and Delmer Edenfield brought an action for damages against Tim Davis and Coffee County, Georgia, in Atkinson Superior Court. The suit was based on alleged negligence of Coffee County resulting in the death of the plaintiffs' mother, Mrs. Stella Edenfield.

The petition as amended showed in substance the following: that Coffee County is a political subdivision of the State of Georgia and within the jurisdiction of this State; that Tim Davis is a resident of Atkinson County, Georgia; that said petitioners have a right of action against said defendants because of their joint negligence in causing the death of their mother, Mrs. Stella M. Edenfield; that petitioners have authority to bring this action because they are all of the children of Mrs. Edenfield and their father was not living at the time the action was instituted.

The petition further alleged: that Mrs. Edenfield had con-

tracted with Tim Davis to have a load of lumber hauled from Nicholls, Georgia, to her farm; that said contract included the transportation of Mrs. Edenfield and her son on the trip; Mrs. Edenfield was seated on the right seat of the truck and her son was seated in the middle; that Tim Davis was driving the truck, and she had no control over its operation; that Tim Davis was operating the truck at a speed of about 60 miles per hour on a county-maintained road leading from the Waycross-Pearson Road to Nicholls, Georgia, about 4:15 p. m. on June 17, 1953; that the bridge that crosses Hog Creek on that road was constructed after the passage of an act of the Georgia legislature, approved December 29, 1888, which as amended was codified under section 672 of the Code of Georgia of 1882; that upon entering the bridge, the petitioner J. H. Edenfield and other passengers discovered that a section of the bridge was out, the flooring on the top of the bridge having been removed the width of the bridge and about 14 feet long, and was about one-third way across the bridge; that upon discovering that the section was missing, Tim Davis attempted to apply the brakes and stop the truck, but being unable to do so, he jumped from the truck; that Mrs. Edenfield jumped from the truck and struck the bridge or failed to clear the truck and received an injury to her stomach which caused her death; that Tim Davis had not slowed his speed any before entering the bridge; that there were no signs or warnings of any description on the approach to the bridge or a barricade at the end of the bridge to prevent traffic from entering; that the officers, agents, employees, and servants had knowledge of the defective condition of the bridge, but had taken no steps to warn the traveling public; that it was negligence on the part of Coffee County, having knowledge of the condition of the bridge, not to have taken proper precautions to warn the traveling public of its dangerous condition; that, together with other facts, this negligence was the proximate cause of Mrs. Edenfield's death.

The petition further alleged that the acts of Tim Davis were negligent, and the joint negligence of the defendants was the proximate cause of Mrs. Edenfield's death; and that, therefore, they were jointly and severally liable.

The defendant Coffee County filed general and special demur-

rers, which were overruled. The defendants also filed a plea to the jurisdiction. The order overruling the demurrers referred to the plea to the jurisdiction, but made no ruling in reference to it.

1. Coffee County, one of the defendants, demurred on the ground that "said petition does not set forth any cause of action against this defendant, as it is apparent from the allegations of the petition that no joint cause of action is alleged against the said Tim Davis and Coffee County, Georgia,. in that no negligence is alleged in said petition, on the part of Coffee County, and it appears from the petition that Coffee County, Georgia, and Tim Davis are not joint tortfeasors, and because, neither said petition nor any paragraph thereof, state facts sufficient to constitute a joint cause of action against these defendants."

It was alleged in the petition that the plaintiffs' mother was injured because of certain specific acts of negligence of Tim Davis and Coffee County. "The rule which does not permit a joint action against two or more persons or corporations for injuries sustained from their independent conduct does not prevent the maintenance of a joint suit, even though actual, voluntary, and intentional concert of action on the part of the defendants is lacking, if their separate acts of negligence combine naturally and directly to produce the single injury." *Jolly v. City of Atlanta*, 37 *Ga. App.* 666 (141 S. E. 223). It was a jury question whether the defendants were guilty of negligence, and if so, whether the negligent acts of both contributed naturally and concurrently in bringing about the injury to the plaintiff. *Callahan v. Cofield*, 61 *Ga. App.* 780 (7 S. E. 2d 592); *Georgia Ry. &c. Co. v. Ryan*, 24 *Ga. App.* 288 (100 S. E. 713); *Akin v. Brantley*, 26 *Ga. App.* 326 (106 S. E. 214).

2. ˙ The defendant county demurred generally on the ground that the petition did not set forth sufficient facts to constitute a cause of action.

(a) The defendant contended that the petition showed that Tim Davis was the agent of the deceased, or that Davis and the deceased were engaging in a joint enterprise. The petition did not disclose facts sufficient to establish the relationship of agency or joint enterprise between Mrs. Edenfield and Tim Davis. Therefore, she had no duty to control the driver's conduct. For the negligence of the driver to be imputable to a passenger, the

72

passenger must have a duty of control over the driver's conduct. This duty was not shown in this case and the defendant's contention is without merit.

(b) The defendant county urges that its general demurrer should have been sustained because the petition disclosed that the deceased did not exercise ordinary care for the preservation of her own safety at the time of the occurrence which was alleged to have resulted in the death of the deceased. It is Coffee County's position that Mrs. Edenfield was under a duty to warn the driver of the vehicle in which she was riding as it approached and went upon the bridge that his speed was excessive. Such contentions are matters of defense, and an action will not be dismissed on general demurrer on such ground unless the petition affirmatively discloses facts from which such conclusion would be demanded as a matter of law. *Collins* v. *Augusta-Aiken Ry. &c. Corp.*, 13 *Ga. App.* 124 (2) (78 S. E. 944) ; *King Hardware Co.* v. *Ennis*, 39 *Ga. App.* 355, 365 (147 S. E. 119). It can not be said that the petition in this case disclosed facts which would demand a finding that Mrs. Edenfield did not use reasonable care for her own safety. Therefore, the defendant's contention is without merit.

(c) The defendant Coffee County insists that its general demurrer should have been sustained for the reason that it is apparent from the allegations of the petition that negligence on its part was not the proximate cause of Mrs. Edenfield's death. In this connection the defendant contends that, had Mrs. Edenfield not jumped from the truck, she would not have been injured and therefore the acts of the defendant were not the proximate cause of the injuries. "Except in plain and indisputable cases, what negligence as well as whose negligence constitutes the proximate cause of an injury is for determination by the jury under proper instructions from the court."

(d) The petition alleged that Coffee County, having removed the flooring from the bridge, negligently left the bridge in a defective and dangerous condition, and failed to place a barricade or warning on the bridge to warn the public of its condition; that officers and agents of the county had knowledge of the defects; and that these defects, together with Davis's negligence, were the proximate cause of the injuries to the deceased. The

petition set forth sufficient facts to constitute a cause of action. Code § 95-1001. This ground is without merit for the reasons assigned.

3. Other grounds of the general demurrers are based on the contention that the negligence of the defendant was not the proximate cause of the injuries to the deceased; and that the petition did not allege sufficient acts of negligence on the part of the defendant to constitute a cause of action. These questions have been discussed in other divisions of this opinion.

4. Several special grounds of the defendant's special demurrer were met by amendment to the petition. We have carefully considered the other grounds of the special demurrer and have reached the conclusion that they are without merit.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*