*Municipal Court of the City of Boston*
Nos. 91199 & 95922

## GIOCONDA L. ROMANO

v.

## GEORGE E. HALLORAN
and
## MAURICE F. MAHER,

v.

## GIOCONDA L. ROMANO &
## GEORGE E. HALLORAN

Argued: Sept. 29, 1972 - Decided: Oct. 5, 1972

*Present:* Adlow, C.J., Morrissey, J., Gorrasi, Spec. J.

Case tried to *Elam, J.*

**Adlow, C.J.** Two actions of tort for negligence which for convenience have been consolidated in a single report. Both actions arise from the same circumstances.

On March 18, 1963, Giaconda L. Romano, (Romano), who was the owner of a 1954 Chrysler Windsor automobile, which was parked on a driveway adjoining her house located at 60 Fairbanks Street in Brighton, telephoned the place of business of George E. Halloran, doing business as the Mobil Auto Service, and requested that a mechanic be sent to assist her in starting her car. Halloran himself responded to the call. After working on the motor and getting it started, Halloran went up to the third floor apartment and notified Romano that the motor was running. He advised her to "let it run for 15 minutes" and reported. Shortly after his departure, Romano heard a loud crash. Her car had driven itself forward and crashed into the garage of Mary E. McGowan, which garage was at the end of the driveway where the Romano car originally rested.

Romano seeks to recover from Halloran for the damage to her car, and Maurice Maher,

Executor of the Estate of Mary McGowan, hereinafter referred to as McGowan, seeks to recover from both Romano and Halloran for the damage to her garage. In both cases the defendant Halloran set up in defense (1) a general denial; (2) assumption of risk, and (3) contributory negligence.

*At trial there was evidence that* the defendant, after being called by Romano, arrived at the premises and did start the motor running and thereafter went to the third floor apartment occupied by Romano and informed her that the motor was running. After advising her "to let it run for 15 minutes" he departed. Shortly after she heard a loud crash, and discovered that the car had crashed into the McGowan garage. At the close of the evidence the defendant requested the court to rule in both the Romano and McGovern cases that the evidence (1) did not warrant a finding of negligence; (2) that the evidence required a finding of contributory negligence by the plaintiff Romano; and (3) that the evidence did not warrant a finding that the negligence of the defendant proximately caused the damage. The court declined to so rule and found for the plaintiff McGowan in the case against Halloran, and for defendant Romano in the same case. In the case of Romano against Halloran the court found for the plaintiff. Being aggrieved by the

refusal of the court to rule as requested and by the court's findings in both cases, the defendant Halloran brings this report.

This report is without merit.

■ One who, while in control of an automobile, starts the motor running and without leaving the car in the custody and control of a responsible person, leaves the car unattended is guilty of conduct warranting a. finding of negligence. G.L. c. 90, § 13, provides in part:

"No person having control or charge of a motor vehicle shall allow such vehicle to stand in any way and remain unattended without first locking or making it fast or effectively setting the brakes thereon, and stopping the motor of said vehicle."

■ The skeletal and brief statement of the evidence, clearly indicated that the defendant put the motor in motion while it was in his control, and further, that he did nothing to transfer this control to any responsible person. In these circumstances he was clearly guilty of violating the provision of section 13 of Chapter 90.

Nor will the fact that he advised the car owner (Romano) that he had started the motor running absolve him of his responsibility to turn the motor off before departing. In departing without turning off the motor he created a hazard which required a corresponding degree of care. *Dorne* v. *Adams,* 243 Mass. 438, 440;

*Morse* v. *Sturgis,* 262 Mass. 312; *Glaser* v. *Schroeder,* 269 Mass. 337. In the cause under review it does not appear that the defendant took any reasonable precautions to prevent a forseeable accident. *Pelland* v. *D'Allesandro,* 321 Mass. 387, 389.

There was no error in the court's refusal to rule in the case of *Romano* v. *Halloran* that the plaintiff's contributory negligence barred recovery. The mere notification by Halloran that he had started the motor did not suffice to transfer control of the car to the owner. Nor did the owner indicate in any manner that she was assuming control or custody of the machine.

The burden of establishing contributory negligence was on the defendant. In refusing to rule as requested by the defendant, the court disposed of the issue as one of fact which was clearly supported by the evidence. *Pelland* v. *D'Allesandro,* 321 Mass. 387.

The rulings and findings of the court were clearly warranted by the evidence.

**Report dismissed.**

MAURICE F. MAHER and WILLIAM N. MELONI,
  both of Boston for the plaintiffs.

JAMES B. DOLAN
  of Boston for the defendant.