Turcotte, P.J.
The issue raised in this civil motor vehicle infraction is whether G.L. c. 90, §13 is violated when defendant, while distracted by equipment built into the automobile, is involved in an accident.
Massachusetts Uniform Traffic Citation #A1629772 indicates that defendant was involved in an automobile accident on Route 90 in Westfield, MA on June 6,1987. The defendant, who was driving the automobile, contends that at the time of the accident the car was overheating and that he was looking at the car’s engine-monitoring instruments on the dashboard. The charging officer disputes this and claims that the defendant was adjusting his car radio when the accident occurred. In either event, the accident occurred while the defendant was distracted by equipment built in to the automobile.
The defendant is charged with violating G.L. c. 90, § 13, which states in part:
No person, when operating a motor vehicle, shall permit to be on or in the vehicle or on or about his person anything which may interfere with or impede the proper operation of the vehicle or any equipment by which the vehicle is operated or controlled ...
G.L.c. 90, §13 is not a general prohibition against negligent operation of a motor vehicle; rather it prohibits a specific type of negligent operation. To violate the statute, the defendant must permit some object to be in or on his person or car which interferes with the vehicle’s proper operation. That was not the situation here; rather the operator was utilizing equipment that was built into the vehicle itself. The fact that he may have been operating this equipment in a negligent fashion is not sufficient to constitute the infraction charged under §13.
In construing this statute, prior Massachusetts decisions have focused on the presence of some foreign object that the defendant permitted to be in or on the car, which ultimately interfered with the proper operation of the vehicle. See Seymour v. Dunville, 265 Mass. 78 (three people in the front seat); Morse v. Sturgis, 262 Mass. 312 (sick dog in the front seat); Comm. v. Arone, 265 Mass. 128 (excessive dust on the windshield). The defendant in this case did not permit a foreign object to interfere with the operation of the vehicle; rather, the defendant was apparently distracted by equipment built into the car itself. This court need not examine whether defendant’s actions were negligent because they did not constitute the specific infraction charged under G.L. c. 90, §13.
Defendant is not responsible.